305 So.2d 665 (1974)
Cornelius LEVINE, Plaintiff-Appellee,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 4777.
Court of Appeal of Louisiana, Third Circuit.
November 27, 1974.
Allen, Gooch & Bourgeois by St. Paul Bourgeois, IV, Lafayette, for defendant-appellant.
W. Glenn Soileau, VillePlatte, for plaintiff-appellee.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
MILLER, Judge.
Defendant Liberty Mutual Insurance Company appeals the judgment awarding total and permanent workmen's compensation *666 benefits to plaintiff Cornelius Levine together with penalties and attorney's fees. Levine answers the appeal seeking an increase in the attorney's fee and to have expert fees and the costs of depositions taxed as costs. We affirm the total and permanent disability determination, and reverse to deny the award of penalties and attorney's fee. We amend to set expert fees and tax these together with the cost of taking and transcribing the depositions as court costs.
While employed by Liberty's insured as a combine operator on November 17, 1973, Levine's clothes were caught in an auger and he sustained lacerations to his back and buttocks. His employer took him to the emergency room of the hospital where the lacerations were sutured. Levine was released the same day but has not worked since that date.
Levine's lacerations became infected on November 20 and this condition was serious enough to obscure Levine's back condition. The lacerations healed by December 12, 1973 (Tr. 91) at which time Levine started complaining of back pain. His treating physician hospitalized him for a few days, and has seen him at regular intervals since that time. The treating physician's diagnosis was that Levine was suffering pain related to the lacerations and a lumbosacral strain, both related to the accident. Plaintiff has not demonstrated muscle spasms since late December 1973. Since that time there have been no objective signs of disability. Levine's complaints have continued and he limps on occasion.
The treating physician testified by deposition taken May 6, 1974 that Levine was disabled at that time, but should be able to return to work within three or four weeks. Tr. 98.
Dr. Daniel M. Kingsley, examined Levine on February 1 and March 27, 1974. He found minimal scarring and gave sound reasons for concluding that the lacerations were not severe. This finding was, in effect, confirmed by the treating physician's finding that although the wound became infected, the lacerations completely healed within one month of the injury. Dr. Kingsley found that Levine had sustained a back strain as well as the lacerations, but concluded that he was able to return to hard manual labor as of February 1, 1974. This was his opinion when his deposition was taken. He found that Levine exaggerated his complaints, that his reactions to the tests were voluntary.
Dr. R. Luke Bordelon examined Levine on December 27, 1973, March 7, and April 18, 1974. At the first examination he concluded that Levine should return to work within four to six weeks. Tr. 130. At the second he found that Levine was not hurting and there was a "paucity of physical findings." Tr. 131. He nevertheless suggested that if Levine continued to complain, he would be willing to administer a myelogram test. The suggestion was not followed. Dr. Bordelon concluded that Levine had suffered a "simple lumbar strain" and that the scars from the lacerations would not interfere with Levine's return to work. Tr. 135.
At the May 20, 1974 trial, Levine and his wife testified that he was suffering back pain which prevented him from returning to work.
Liberty has failed to establish manifest error in the trial court's factual determination that as of the trial date, Levine was disabled.
Although Levine's physicians (a general practitioner and an orthopedic surgeon) testified that he should be able to return to work in a relatively short time, both considered him disabled as of the date of trial. Neither could state when he would be able to return to work. When the evidence is uncertain as to when the claimant may recover, compensation is awarded for total and permanent disability under the terms of LSA-R.S. 23:1331, permitting revision of the judgment after six *667 months, should the disability terminate. Carroll v. Southern Casualty Insurance Company, 285 So.2d 370 at 376 (La.App. 3 Cir. 1973).
The trial court awarded penalties and attorney's fees on finding Liberty's $473.66 payment of compensation received by Levine on February 7, 1974 to have been arbitrarily and capriciously delayed.
We do not reach the question of whether Liberty was arbitrary and capricious in failing to pay compensation before February 7, 1974, because even if it was, the payment was received within sixty days of the December 21, 1973 filing of suit. Plaintiff did not allege or establish that compensation benefits were demanded prior to filing suit. For purposes of this argument, we consider plaintiff's suit to have been a demand for compensation benefits.
Penalties are not due in this case because even if arbitrarily, capriciously, or without probable cause, delayed, they were not delayed for a period of sixty days after receipt of proof of disability and demand having been made therefor. LSA-R.S. 22:658; Antoine v. Houston Fire and Casualty Company, 232 So.2d 588 (La. App. 3 Cir. 1970). Compensation was brought up to date and paid through February 1, 1974 within sixty days of the filing of suit. The penalty statute does not apply.
The trial court ruled that Liberty was also arbitrary and capricious for failing to pay compensation benefits after February 1, 1974 because the May 6 and 9 depositions (by plaintiff's physicians) indicated disability after February 1, 1974. Although these doctors indicated Levine was disabled as of that time, they concluded that he should recover and be able to return to work within a few weeks. As against this testimony Liberty had the opinion of its examining orthopedic surgeon, Dr. Kingsley, that Levine was able to return to work as of February 1, 1974. This was confirmed by Dr. Kingsley's deposition.
Liberty seriously contested Levine's disability after February 1, 1974 and based its position upon competent medical evidence. Under these circumstances, the insurer is entitled to a judicial determination of an employee's claim without incurring penalties. When an insurer's termination of compensation is based upon competent medical evidence, the action is not arbitrary and capricious. Guillory v. Hartford Accident and Indemnity Company, 168 So. 2d 360 (La.App. 3 Cir. 1965); Parish v. Fidelity and Casualty Company of New York, 124 So.2d 234 (La.App. 2 Cir. 1960).
The trial court inadvertently failed to set expert fees for the three physicians who testified in their office by deposition. These fees are set at $100 for each specialist and at $50 for the general practitioner. These fees and the court reporter charges for taking and transcribing the depositions are to be taxed as court costs in the trial court.
The trial court judgment awarding total and permanent disability benefits is affirmed. The award of penalties and the attorney's fee is reversed and set aside. The fee for giving depositions is set at $100 for each specialist and $50 for the general practitioner. These fees and the court reporter charges for taking and transcribing the depositions are taxed as costs in the trial court. The remainder of the trial court judgment is affirmed. Costs of this appeal are taxed equally to plaintiff and defendant.
Affirmed in part; in part reversed and rendered.