379 So.2d 33 (1979)
Ancie RICHARD, Plaintiff-Appellee,
v.
STANDARD FITTINGS et al., Defendants-Appellants.
No. 7319.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
Rehearing Denied February 4, 1980.
*34 Lewis & Lewis, James T. Guglielmo and Peter F. Caviness, Opelousas, for defendants-appellants.
Fruge & Vidrine, Richard W. Vidrine, Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
FORET, Judge.
Plaintiff, Ancie Richard, instituted this suit seeking workmen's compensation benefits for total and permanent disability resulting from an accidental injury to his hand while working for the defendant, Standard Fittings. The trial court awarded total disability benefits plus penalties and attorney's fees. We affirm.
The facts reveal that plaintiff-appellee, Ancie Richard, brought this suit against Standard Fittings and its workmen's compensation carrier, Reliance Insurance Company, as a result of an accident which occurred on June 9, 1976. The plaintiff was *35 working as a "set-up" man in defendant's forging plant when the accident occurred. His duties as a "set-up" man included repairing machinery, changing dies, and adjusting various pieces of machinery. While in the process of adjusting a trimming press, plaintiff's right hand became caught between two pieces of steel and was crushed. The injuries to his right hand caused multiple fractures of his phalanges, permanent flexion of his middle finger and forced plaintiff to have his right index finger amputated. Since the amputation on the day of the accident, the plaintiff has undergone three additional operations of his right hand.
The facts of employment, insurance coverage, accident, rate of compensation, and medical expenses were stipulated by the parties.
The issues for determination on appeal are the extent and duration of the disability and the award of penalties and attorney's fees.
The trial judge, in his written reasons said:
"Plaintiff has lost the index finger, has a 90 flexion contracture of his middle or long finger, and suffers much pain, and would in the court's judgment, be unable to perform any work without suffering substantial pain. In addition, considering that this man has a third grade education, but cannot read and write, the Court feels that he could not engage in any gainful occupation for wages whether or not the same or similar occupation as that of which he was in at the time of the accident.
"Defendant attempted to show that there were certain types of work at their plant that plaintiff could do. The Court was not impressed with this testimony."
The trial court heard testimony from three doctors, all of whom testified for the plaintiff.
Dr. John Adam Tassin first examined the plaintiff in April of 1977, about ten months after the accident and continued to treat him thereafter. At the time of his deposition, Dr. Tassin had examined the plaintiff about five times. Dr. Tassin testified it was very likely that the joints of the plaintiff's right hand would freeze, causing him to develop a "claw-like" hand.
Dr. Ladislas Lazaro, who assisted in the amputation of the plaintiff's right index finger, also testified for the plaintiff. As a result of treating the plaintiff about nine times after the accident, Dr. Lazaro said that the plaintiff was incapable of doing moderate to heavy labor.
The third doctor to testify for the plaintiff was Dr. Frederick Mayer, the orthopedic surgeon who treated the plaintiff in the emergency room of the Opelousas General Hospital. Dr. Mayer, assisted by Dr. Lazaro, performed the repair work needed as well as the amputation. Dr. Mayer testified that the injury was serious and that the plaintiff would remain in pain. His prognosis for improvement of plaintiff's hand was poor to fair.
The amount of pain an injured workman experiences is a question of fact and should not be disturbed if there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, unless such findings are clearly wrong. Newell v. United States Fidelity & Guaranty Co., 368 So.2d 1158 (La.App. 3 Cir. 1979); Conlay v. Houston General Insurance Co., 370 So.2d 196 (La. App. 3 Cir. 1979); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300 (La. 1979).
Considering plaintiff's lack of education, having only completed the third grade, and his inability to read and write, he cannot reasonably be expected to find a job except doing heavy manual work. We agree with the findings of the trial court that such work will likely cause plaintiff to suffer substantial pain. The evidence clearly establishes that plaintiff suffers substantial pain and his attempting to work could create a hazard for himself as well as for his fellow employees.
*36 As we said in Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3 Cir. 1977), if a workman has recovered from an injury to the extent that he could do some income-producing work, though not the same work as before the injury, he may not recover benefits as totally and permanently injured. However, a workman who is in substantial pain while working is considered to be totally and permanently disabled.
The trial judge determined that the plaintiff is entitled to statutory penalties and an attorney's fee of $4,000.00 pursuant to R.S. 22:658. As stated in Basco v. State of La., Dept. of Corrections, 335 So.2d 457 (La.App. 1 Cir. 1976):
"La.R.S. 22:658 provides that failure of an insurer to make payment within sixty days of receipt of proof of loss from an insured, subjects the insurer to a penalty of 12% of the amount of the loss, as damages, together with reasonable attorney's fees, where such failure is arbitrary, capricious or without probable cause. The provisions of the statute apply to numerous classes of insurance, including a claim for workmen's compensation benefits. Whether failure to make compensation payments is arbitrary, capricious or without probable cause within the meaning of the statute in question, depends primarily upon circumstances existing and known to the insurer at the time compensation payments are refused or discontinued. Lee v. Smith, 248 La. 16, 176 So.2d 413; King v. Insurance Company of North America, La.App., 288 So.2d 878."
In spite of written demands made to the insurer for workmen's compensation benefits, no payments were tendered after April 21, 1977. At the time these benefits payments were halted plaintiff was still being treated by Dr. Lazaro, and there was no indication that the plaintiff could return to work. The trial court determined that the discontinuance of benefits was arbitrary and capricious. This is in part a factual determination and must not be disturbed unless manifestly erroneous. Stubbs v. Parish of East Baton Rouge, 343 So.2d 258 (La.App. 1 Cir. 1977). The determination here was certainly not manifestly erroneous.
Our complete review of the record establishes that the findings of the trial court are not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The record very amply supports the findings of the trial court.
In his appellate brief, counsel for plaintiff has asked for an increase of attorney's fees. However, plaintiff failed to timely answer the appeal seeking an increase in attorney's fees, and accordingly, we are unable to consider such an increase. LSA-CCP Article 2133; Luna v. Atchafalaya Realty, Inc., 325 So.2d 835 (La.App. 1 Cir. 1976).
For the foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are taxed to the defendants-appellants.
AFFIRMED.
SWIFT, J., dissents as to the award of penalty and attorney's fee, but otherwise concurs.
SWIFT, Judge, dissenting in part.
I agree that the award of workmen's compensation benefits for total and permanent disability should be affirmed, because I am unable to say that the trial judge was clearly wrong in this respect. However, I cannot subscribe to the view of the majority that the termination of workmen's compensation benefits on April 21, 1977, was arbitrary, capricious or without probable cause and required imposition of the penalty and attorney's fee under LSA-R.S. 22:658.
On April 20, 1977, the employer was furnished by plaintiff, a certificate from Dr. L. Lazaro, III, the attending physician, stating, "Pt. can return to work. Pt. has been discharged." Of course, it was then obvious that Mr. Richard's right index finger had been amputated and there was little function in his right middle finger. Nevertheless, despite a misunderstanding by the *37 foreman as to just what work the plaintiff was to do that night, the employer was willing to put him back to work at a job he could perform at higher wages than he was earning before the accident, but he was unwilling to try to do so. There is testimony in the record that the employer had a number of jobs that plaintiff could perform, some with only one arm. At this time the employee had already been paid more compensation than LSA-R.S. 23:1221(4) provides for loss of his fingers or the permanent partial loss of use of his hand.
According to our supreme court in Crawford v. Al Smith P. & H. Service, Inc., 352 So.2d 669, 673 (La.1977):
"The penalty provision is stricti juris and should be imposed only in those instances in which the facts negate probable cause for nonpayment. Guillory v. Travelers Insurance Company, 294 So.2d 215 (La. 1974). When an insurer's termination of compensation is based upon competent medical evidence, the action is not arbitrary and capricious. Levine v. Liberty Mutual Insurance Company, 305 So.2d 665 (La.App. 3d Cir. 1974)."
And in Steadman v. Pearl Assurance Company, 167 So.2d 527 (La.App. 4 Cir. 1964) the court said:
"The words arbitrary and capricious are practically synonymous and mean without reasonable cause and do not necessarily imply an opprobrious connotation. Arbitrary action is based upon one's will and usually implies an abuse of one's authority or power."
On the basis of the information available to the employer at the time compensation benefits were terminated, I believe the trial judge was clearly wrong in finding that it had no reasonable cause to dispute the employee's contention in regard to this subjective matter, that he was unable to perform any type of gainful employment because of substantial pain.
For these reasons, I respectfully dissent as to award under LSA-R.S. 22:658, but otherwise vote to affirm the judgment of the trial court.