389 So.2d 1367 (1980)
Josephine SIMON, Plaintiff and Appellee,
v.
COMMERCIAL UNION ASSURANCE COMPANY, Defendant and Appellant.
No. 7779.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
*1368 Brame, Bergstedt & Brame, David Fraser, Lake Charles, for defendant and appellant.
McHale, Bufkin & Dees, Louis D. Bufkin, Lake Charles, for plaintiff and appellee.
Before CULPEPPER, SWIFT and DOUCET, JJ.
CULPEPPER, Judge.
This is an action for workmen's compensation benefits. Plaintiff, Josephine Simon, was granted judgment against American Employers Insurance Company,[1] awarding benefits at the rate of $70.63 a week from May 24, 1978 to December 31, 1978, with statutory penalties and attorney's fees in the amount of $2,500. Defendant appeals. We affirm.
There is no dispute that plaintiff suffered a work-related injury on March 22, 1978. While working as a cook at a motel restaurant, she fell and injured her back. The issues on appeal are: (1) Did plaintiff recover from the work-related injury by June 6, 1978 and then suffer a second accident at home, causing any subsequent disability? (2) Was defendant arbitrary and capricious for failing to pay weekly benefits or medical expense? (3) Is the award of $2,500 in attorney's fees excessive?
The testimony of plaintiff's treating physician, Dr. William F. Foster, a neurosurgeon, established plaintiff suffered a lumbar straining injury with nerve root irritation on March 22, 1978. As a result of the accident, she was unable to work in her usual employment as a cook. Dr. Foster described plaintiff's type of injury as being characterized by remissions and exacerbations of pain. Based on office records kept by him and Dr. Moore, a medical associate, Dr. Foster gave the opinion plaintiff's condition improved after hospitalization from May 5 to May 12, 1978. He believed plaintiff was able to work at that time. Plaintiff was treated again, however, in June, July and September, when stronger medications were prescribed to relieve intermittent pain in her back and leg. Dr. Foster stated the cause of treatment shown by his records indicated plaintiff had aggravated the condition she had and was not over her complaints. He further testified plaintiff was unable to work in September and recommended further treatment by a specialist in Houston, Texas. Defendant was notified of this recommendation in October of 1978.
Plaintiff testified she was feeling much better after the May hospitalization, but her condition worsened during the month of *1369 June after her child's birthday party. On that occasion her child came up behind her and frightened her. She made a quick jump, experiencing an immediate sharp pain in the leg. She continued to see Drs. Moore and Foster and depended on family and friends to assist her in household chores. Plaintiff estimated she became pain-free sometime in January 1979.
Dr. Jerome W. Ambrister, an orthopedic surgeon, examined plaintiff on behalf of the defendant insurance company on June 5, 1978. Dr. Ambrister reported plaintiff had incurred a straining type of injury, but at the time of the examination he found plaintiff's condition normal. At trial, Dr. Ambrister acknowledged the described incident with plaintiff's child could have caused a flare up of plaintiff's condition.
In his written reasons for judgment, the trial court found as follows:
"The Court's opinion is that plaintiff's testimony and the testimony of her attending physicians, Drs. Moore and Foster, prevail over Dr. Ambrister's, and that she suffered temporary total disability until the end of December, 1978.
"Defendant paid weekly compensation at the rate of $70.63 for nine weeks, a total of $635.67. The last payment was indicated to cover the period ending June 8, 1978. However, the total payments paid only through May 24. Defendant owes compensation at the weekly rate of $70.63 from May 24, 1978 through December 31, 1978.
"Turning now to a consideration of the medical bills, paid and unpaid, the stipulations reflect that the only bills that have been paid by the insurer were the $217 and $25 bills of St. Patrick Hospital, the $50 bill of Dr. Ambrister for his examination for the insurer, and the $55 bill of Holston Ambulance Service for taking the plaintiff to the hospital after the accident. The following bills have never been paid:

"St. Patrick's Hospital $284 physical therapy April
 & May 1978
Diagnostic Radiology
Association 36.75 X rays May 1978
Lake Charles Memorial
Hospital 726.99 hospitalization May 1978
Lake Charles Neurological
Associates 185.00 Drs. Moore & Oct. 1978
 Foster
Drug bills 82.67 prior to
 Oct. 3, 1978

* * * * * *
"Due to defendant's acknowledgment that the bills are due and the total absence of any defense or explanation as to why they were not paid, the court has no alternative except to draw the conclusion that the defendant was arbitrary and capricious in failing to pay the medical expenses. The court also believes that the defendant was arbitrary and capricious in failing to resume compensation benefits after the receipt in October of evidence that plaintiff remained disabled."
We agree with the trial judge that plaintiff's disability which continued to December 31, 1978 was causally related to the work-caused injury on March 22, 1978. We also agree that the defendant was arbitrary and capricious in failing to pay the medical expense which was clearly due. However, we are unable to agree with the trial judge that the defendant was arbitrary and capricious in failing to resume weekly benefits after the receipt by defendant's attorney on October 18, 1978 of the report of plaintiff's attending physician that she remained disabled.
As regards penalties and attorney's fees for failure to resume weekly compensation payments, the sequence of events is that plaintiff's own physicians released her to return to work on May 31, 1978. Dr. Ambrister's report dated June 6, 1978 also stated that plaintiff was fully recovered and could return to work. It was on the basis of these reports that the defendant terminated workmen's compensation payments. On June 6, 1978, plaintiff suffered the reinjury while playing with her child at home. She went back to see her attending physicians on June 29, 1978 and July 27, 1978, and they found she had aggravated her original work-related injury and remained disabled. However, defendant did not receive medical reports of the continued disability until October 18, 1978. Meanwhile, plaintiff had filed this suit on August 31, 1978.
*1370 There is no question that defendant was justified in terminating weekly compensation on the basis of reports from both plaintiff's own attending physicians and from Dr. Ambrister. When plaintiff filed suit on August 31, 1978, these were still the only reports defendant had in its files. When defendant received the new reports on October 18, 1978 of the continuing disability, it still had in its files the conflicting reports that plaintiff had recovered back in May of 1978. Clearly, defendant was not arbitrary in deciding that it was entitled to a judicial determination on the issues of whether plaintiff continued to be disabled and whether the present disability, if any, was related to the original work-related accident. See Levine v. Liberty Mutual Insurance Company, 305 So.2d 665 (La.App.3rd Cir.1974) and Broussard v. Subsurface Completion Service, Inc., 338 So.2d 1217 (La. App.3rd Cir.1976).
Of course, plaintiff is entitled to penalties and attorney's fees on the unpaid medical expenses as fixed by statute. We assess attorney's fees of $1250.
For the reasons assigned, the judgment appealed is amended to delete the award for penalties and attorney's fees for failure to pay weekly compensation. The award of penalties on the unpaid medical expense is affirmed and the attorney's fees for failure to pay medical expense is fixed at the sum of $1,250. Otherwise the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant.
AFFIRMED, AS AMENDED.
NOTES
[1] It was stipulated at trial that plaintiff named Commercial Union Assurance Company as defendant in error and that American Employers Insurance Company is the proper defendant.