415 So.2d 494 (1982)
Lesley MECHE
v.
ARTHUR G. McKEE & COMPANY, INC. and General Accident Fire & Life Assurance Corporation.
No. 14841.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*495 James W. Murray, Robert R. Rainer, Baton Rouge, for plaintiff-appellee Lesley Meche.
James E. Moore, Baton Rouge, for third party defendant-appellee Universal Corp.
John W. L. Swanner, Baton Rouge, for defendants-appellants Arthur G. McKee & Co., Inc. and General Acc. Fire & Life Assur. Corp.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, Lesley Meche, is a pipefitter who injured his right wrist on December 26, 1978, while working for the defendant, Arthur G. McKee & Company, Inc. ("McKee"). Meche was injured when a pipe wrench he was using slipped, causing him to fall and land on his right wrist and hand. Plaintiff was taken to a company doctor who referred him to an orthopedist, Dr. Jackson.
Dr. Jackson first saw Meche on December 28, 1978. His original diagnosis was that plaintiff had suffered an impacted fracture of the radius. Later, Dr. Jackson discovered that plaintiff had also suffered a chip fracture of the capitate, a bone located in the wrist. Dr. Jackson's treatment of Meche's wrist included applications of casts, physical therapy, cortisone shots, sympathetic nerve blocks and surgery. On November 26, 1979, Dr. Jackson released plaintiff to return to work. At that time, plaintiff's wrist had healed but he still complained of severe pain which Dr. Jackson had been unable to alleviate.
Meche returned to work in December of 1979. He had received workmen's compensation benefits from General Accident Fire & Life Assurance Corporation ("General Accident"), McKee's workmen's compensation insurer, from the time of his injury. Those benefits were terminated December 24, 1979, when Meche returned to work.
After his return to work, Meche worked as a pipefitter for several different employers at several jobsites. These jobs were obtained through Meche's local trade union. Meche testified that he was in constant pain while working on each of these jobs. Plaintiff also testified that the severe pain in his wrist and weakness in his hand and wrist prevented him from performing many tasks and from being able to use many of the tools of his trade. At all times after his return to work, Meche wore a cloth splint, prescribed by Dr. Jackson, on his right hand.
In the summer of 1980, Meche went to work for Universal Corporation at the Exxon plant in Baton Rouge. On August 26, 1980, while working for Universal, Meche "thumped" a pipe with his right hand in order to line it up with another pipe. This action temporarily caused the pain in his hand and wrist to intensify.
After that incident, Dr. Jackson had Meche fitted with a plastic laminate brace. This brace, which relieved plaintiff's pain, completely immobilizes his right wrist, allowing movement only in his fingers. Plaintiff has been unemployed since being fitted with this new brace. His local union will not send him out on any jobs since the brace deprives him of full use of his right hand.
*496 Meche filed suit against McKee and General Accident, seeking workmen's compensation benefits for total and permanent disability. In their answer, defendants denied any liability to plaintiff for compensation benefits. Defendants also filed a third-party demand against Universal Corporation, alleging that any disability suffered by Meche was the result of the August 26, 1980, incident, which occurred while he was employed by Universal. McKee and General sought recovery from Universal for any amount which they might be held to owe plaintiff on the main demand. Trial on the main demand was severed from that of the third-party demand.
After trial on the main demand, the trial court rendered judgment in favor of Meche and against McKee and General Accident, decreeing plaintiff to be totally and permanently disabled as of December 24, 1979, and entitled to weekly compensation benefits of $141.00 per week from that date. Defendants were given a credit for all sums earned by plaintiff since that date. Defendants were further held liable for statutory penalties on all benefits due from August 28, 1980. Finally, plaintiff was awarded attorney fees in the sum of $3,500.00.
Defendants' motion for a new trial was denied. Plaintiff's motion for a partial new trial, on the issue of a credit for wages earned by Meche since December 24, 1979, was granted. After argument on the partial new trial, the trial court issued its final judgment.
The trial court's final judgment carried forth the same provisions as the earlier judgment, except that the portion giving defendants credit for all sums earned by plaintiff since December 24, 1979, was omitted. Additionally, trial on the third-party demand having been completed in the interim,[1] the court rendered judgment in favor of third-party defendant, Universal, and against third-party plaintiffs, McKee and General Accident, dismissing the third-party petition.
McKee and General Accident have suspensively appealed, making the following specifications of error:
1. The trial court erred in finding that Lesley Meche was totally and permanently disabled as a result of an injury sustained while working for McKee.
2. The trial court erred in failing to allow McKee and General Accident credit for the sums earned by Meche after December 24, 1979.
3. The trial court erred in dismissing the third party demand of McKee and General Accident against Universal Corporation.
4. The trial court erred in awarding Meche penalties and attorney's fees.
Meche has answered that appeal, seeking an increase in attorney fees for representation on appeal. Each specification of error will be treated separately.

Meche's Disability
Defendants do not contend that Meche is not totally and permanently disabled. They assert, however, that any disability suffered by Meche is not the result of the December 26, 1978, accident which occurred while Meche was working for McKee. Defendants note that Meche returned to work in December of 1979 and worked through August of 1980. They assert that any disability suffered by Meche is the result of the accident which occurred on August 26, 1980, while he was working for Universal.
The trial court made a factual finding that plaintiff was totally and permanently disabled in November of 1979, when Dr. Jackson released him to return to work. The court found that Dr. Jackson allowed Meche to return to work as a form of therapy and in order to help plaintiff financially. Such a factual finding of disability is not to be disturbed on appeal in the absence of manifest error. Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998 (La.1978); Aleman v. Lionel F. Favret *497 Co., Inc., 349 So.2d 262 (La.1977); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
A review of the record on appeal, far from revealing any manifest error, yields the conclusion that the evidence amply supports the trial court's factual findings. In his letter to General Accident of November 26, 1979, Dr. Jackson advised that Meche was released to return to work but should expect "weakness and continued symptomatology." Dr. Jackson testified, by way of deposition, that he knew that stiffness, pain and weakness in plaintiff's wrist would prevent him from doing much pulling, twisting or lifting. Dr. Jackson admitted that plaintiff could not perform his regular job, but thought that the therapy of work might be beneficial. He also noted that returning to work would benefit Meche financially.
The evidence reveals that plaintiff's return to work did not yield the expected therapeutic results. Plaintiff testified that he suffered from severe pains in his wrist and took pain pills constantly. He was unable to do the types of climbing, twisting and heavy lifting which his occupation required. Meche testified that he was unable to use a number of tools which a pipefitter is required to use. Several of plaintiff's co-workers testified that plaintiff was unable to perform the tasks and use the tools required by his trade. They testified that it was necessary for his fellow workers to "carry" him on the job, that is, do those tasks which plaintiff would ordinarily have done himself. Dr. Jackson testified that it was his belief that plaintiff's complaints of unendurable pain were genuine.
This evidence provides a reasonable basis for the trial court's factual finding that plaintiff was totally and permanently disabled as a result of the accident which occurred on December 26, 1978. Plaintiff is 48 years old and has a seventh-grade education. His only job training and experience is as a pipefitter. The plastic laminate brace which he is required to wear renders him unable to work at that trade. Without the brace, the substantial pain which plaintiff suffers, as a result of the December 26, 1978, accident, renders him totally and permanently disabled. See Richard v. Standard Fittings, 379 So.2d 33 (La.App. 3rd Cir. 1979).

Credit for Plaintiff's Earnings
As noted above, the trial court amended its original judgment and denied defendants any credit for wages paid to Meche after his return to work in December, 1979, until he left work in August, 1980. Defendants assert that they are entitled to a credit for those wages.
The law with respect to an employer's right to credit for wages is summarized in LeBlanc v. Mangel's of Louisiana, Inc., 306 So.2d 422 (La.App. 3rd Cir. 1975), as follows:
"The basic test in Louisiana for determining whether wages are paid in lieu of compensation is whether the wages paid after the injury are actually earned. Lindsey v. Continental Casualty Company, 242 La. 694, 138 So.2d 543 (1962); Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377 (1962). This issue depends on the facts of each case. Madison v. American Sugar Refining Company, supra; Francis v. Kaiser Aluminum and Chemical Corporation, 225 So.2d 756 (La.App. 4th Cir., 1969); Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507 (La.App. 3d Cir., 1968). No inference arises that wages were paid in lieu of compensation from the fact that the work performed after the accident was lighter or dissimilar from that done prior to the accident. Ledoux v. William T. Burton Company, 171 So.2d 795 (La.App. 3d Cir., 1965)." 306 So.2d at 426.
The trial court properly denied any credit for wages paid to plaintiff. The trial court found, and the evidence reveals, that plaintiff performed substantial work during his periods of employment. Although his disability prevented him from performing many of the tasks he ordinarily would have done, Meche was actually performing physical labor and earning his salary.
*498 Defendants' claim for a credit for the wages paid Meche is meritless for another reason. Meche was not employed by McKee from December, 1979 through August, 1980. During this time period plaintiff worked for several employers, having obtained the job through his local trade union. Even if this court were to accept the unlikely assertion that these subsequent employers gratuitously paid wages to Meche and received nothing in return, defendants would not be entitled to any credit for those sums. An employer or its insurer is only entitled to a credit for wages which the employer itself pays in lieu of compensation.

Third-Party Demand
McKee and General Accident contend that the trial court erred in denying their third-party demand against Universal. The third-party plaintiffs maintain that the August 26, 1980, incident, when plaintiff "thumped" a piece of pipe with his hand while employed by Universal, was an accident which caused plaintiff's disability.
A right of contribution exists if an additional accident is suffered by an employee while working for a subsequent employer if that accident has a causal relationship with the employee's disability. Lum v. Tri-State Insurance Company, 252 So.2d 157 (La.App. 2nd Cir. 1971); Landry v. Bituminous Casualty Company, 244 So.2d 105 (La. App. 3rd Cir. 1971). Third-party plaintiffs argue that the incident which occurred while Meche was working for Universal was an "accident" within the meaning of the workmen's compensation statute and, therefore, they have a right of contribution from Universal.
It is not necessary for this court to determine whether the "hand thumping" incident constitutes an "accident" within the meaning of the compensation statute, or is merely a manifestation of the disability caused by Meche's original accident. Assuming, arguendo, that the "hand thumping" incident was an "accident," there is still no right of contribution. As noted above, for a right of contribution to exist there must be a causal relationship between the employee's disability and the accident which occurs while working for the second employer. The trial court's reasons for judgment indicate that the court found no causal relationship between plaintiff's disability and the incident which occurred while he was working for Universal.
The trial court found that plaintiff was totally and permanently disabled at the time he returned to work in December, 1979, and that the "hand thumping" incident of August, 1980, was unrelated to that disability. There is no manifest error in that factual finding. Canter v. Koehring Company, supra. The evidence in the record supports the finding of no causal relationship between the "hand thumping" incident and plaintiff's disability. Dr. Jackson, in a letter to counsel for Universal, stated his opinion as follows:
"Regarding Mr. Meche's injury of August 28, 1980, it was my opinion at that time that he had merely aggravated a chronic condition. Because of the intensity of his pain, I recommended that he obtain a rigid wrist brace which would hopefully allow him to continue working. I learned from Mr. Meche later that the union steward on the job would not let him work with this brace on. I believe that it is safe to say that the reported injury of August 28, 1980 did not precipitate his becoming totally disabled for work, rather the rigid brace which was ordered was the principal cause. The fact that the brace was ordered at that particular time was perhaps more coincidental than anything else. I believe that Mr. Meche's disability related to the original occupational injury and not the reported accident of the above date."
There is no error in the denial of the third-party demand.

Penalties and Attorney Fees
The trial court found that defendants were justified in terminating compensation benefits as of December 24, 1979, when Meche returned to work. However, the court noted that defendants knew plaintiff *499 was working in pain after that time and found that the refusal to reinstate compensation benefits was arbitrary and capricious. The court held that plaintiff was entitled to penalties from August 28, 1979, and to attorney fees in the amount of $3,500.00.
Defendants assert that the refusal to reinstate benefits was not arbitrary and capricious. They contend that their refusal was reasonable because Meche had aggravated his condition while working for Universal. This argument is closely related to defendants' claim that the "hand thumping" incident, which occurred while plaintiff was working for Universal, was a contributing cause of plaintiff's disability.
Even if the "hand thumping" incident had borne a causal relationship to plaintiff's disability, defendants' refusal to reinstate benefits would have been arbitrary and capricious. When two or more accidents, suffered while working for different employers, are contributing causes of disability, each employer is solidarily liable to the claimant for compensation benefits. Lachney v. Employers Com. Union Insurance Co., 337 So.2d 624 (La.App. 4th Cir. 1976). Thus, defendants' belief that Universal might also be liable to plaintiff for compensation benefits did not relieve them of the same obligation. Rather than denying benefits, defendants should have paid them and then brought an action against Universal for the contribution to which they thought they were entitled.
There is no manifest error in the trial court's finding that defendants' refusal to reinstate benefits was arbitrary and capricious. The evidence reflects that defendants were aware that plaintiff was working with a great deal of pain. Dr. Jackson advised them by letter that the "hand thumping" incident at Universal was "a continuation of his pre-existing problem." The trial court correctly awarded plaintiff penalties and attorney fees.
Plaintiff has answered defendants' appeal, seeking an increase in attorney fees for representation on appeal. An additional award of $1,500.00 will adequately compensate plaintiff for the additional efforts on his behalf made necessary by the appeal.
For the foregoing reasons, the judgment of the district court is amended to increase the award of attorney fees to the sum of $5,000.00. As amended, the district court judgment is affirmed. All costs of these proceedings are to be paid by defendants-appellants.
AMENDED AND AFFIRMED.
NOTES
[1] The extract of the district court minutes reveals that at the trial of the third-party demand, after Universal introduced documentary evidence, all parties adopted the prior testimony presented on the main demand.