GROVER L. COVINGTON, Chief Judge.
Plaintiff, Martin S. Young, Jr., filed a petition for worker’s compensation on October 19, 1982, contending that he was disabled as a result of an accident which occurred on November 3, 1981, while he was employed by Stone and Webster Engineering Corporation,[2] which was insured by Employers National Insurance Company. Young also filed for past and future medical expenses and for statutory penalties and attorney fees as a result of the failure of his former employer and Employers to pay entitled worker’s compensation.
Stone and Webster and its insurer filed a third party demand against Saia Electric, Inc., contending that any disability of Young resulted from accidental personal injuries while Young was working for Saia, rather than as a result of the accident sustained while Young was working for Stone and Webster.
Young then amended his original petition to include Saia as a party defendant, alleging that the injuries suffered by Young at Stone and Webster were aggravated by the work in which Young was engaged at Saia. Young also prayed for reimbursement of past and future medical expenses and for statutory penalties and attorney fees, because of the failure to pay worker’s compensation.
After the trial, judgment was signed, holding that Young was disabled by the employment at Stone and Webster and at Saia; and Young was awarded compensation benefits and medical expenses. The claim of Young for penalties and attorney fees was denied.
A suspensive appeal was perfected from the judgment by Saia, and subsequently by Stone and Webster and Employers. Young has answered the appeal.
Plaintiff, Martin S. Young, Jr., an industrial carpenter, sustained a back injury on November 3, 1981, while working for defendant, Stone and Webster Engineering *196 Corporation, when he fell and was jerked by his safety belt.
Young continued working for Stone and Webster, although apparently in considerable pain, until he was terminated on March 1, 1982. At the time of the accident, little, if any, medical treatment was rendered to the plaintiff; however, he did report to the nurse’s station. The evidence in the record clearly establishes that Young sustained a work-related injury on November 3, 1981, which has rendered him disabled to some extent, because he is unable to work as a carpenter except in pain. Jackson v. Maloney Trucking & Storage, Inc., 424 So.2d 1037 (La.App. 4th Cir.1982), writ denied 445 So.2d 441 (La.1984).
Upon his termination with Stone and Webster, Young went to work with Saia Electric, Inc, as a “lay-out” worker, doing light work. By his own admission, Young was in pain during the five-week period he was able to work for Saia. Other than the medical history reported by Dr. George Lohman, there is no evidence of an accident causing or aggravating an injury to Young during the Saia employment. In fact, both Young and his wife denied that he had sustained an injury at Saia. Young’s foreman testified Young had no accident at Saia. There is no report of any such injury or accident while Young was employed at Saia.
We recognize that the factual findings of the trial court as to an accident or work-related injury are entitled to great weight on appellate review. See Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979). However, in the case at bar there is no evidentiary basis for the trial court’s finding that Young sustained a work-related injury while employed by Saia, especially when Young denied it and denied making the statement to the doctor which formed the basis for the trial judge’s conclusion that Young sustained an injury as a Saia employee. See Martin v. H.B. Zachry Company, 424 So.2d 1002 (La.1982).
As to the third party demand of Stone and Webster against Saia, there is no merit in this demand. A right of contribution exists only if an additional accident was suffered by the employee while working for a subsequent employer and if that accident was causally related to the employee’s disability. See Meche v. Arthur G. McKee & Company, Inc. 415 So.2d 494 (La.App. 1st Cir.1982). For these reasons, we find there was no additional accident which occurred while Young was employed by Saia. Since we have found no additional accident to have been suffered by Young while employed by Saia, Stone and Webster’s claim for contribution must fall.
Finally, Young claims that he is entitled to attorney fees and penalties. In our opinion, the employer’s (insurer’s) failure to pay benefits to the plaintiff was not arbitrary, capricious or without probable cause. Therefore, as the trial court found, the employer (insurer) is not required to pay a penalty or attorney fees in this suit. See Martin v. H.B. Zachry Company, supra at 1008.
For the foregoing reasons, we reverse in part, and affirm in part, and recast the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Martin S. Young, Jr., and against defendants, Stone and Webster Engineering Corporation and Employers National Insurance Company, solidarily, for benefits under the Louisiana Worker’s Compensation Law, including weekly benefits under La.R.S. 23:1221(3), subject to a maximum weekly benefit of $163.00, at the rate of 66% percent of the difference between $611.60 and lesser wages which Martin S. Young, Jr., actually earns in any week thereafter during his period of disability, but not beyond a maximum of 450 weeks.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Martin S. Young, Jr., be paid the above benefits beginning on November 3, 1981 from Stone and Webster Engineering Corporation and Employers National Insurance Company, *197 together with legal interest from the date each weekly benefit was due until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Martin S. Young, Jr., and against Stone and Webster Engineering Corporation and Employers National Insurance Company, solidarily, for medical expenses in the amount of $15,-380.78, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants, Stone and Webster Engineering Corporation and Employers National Insurance Company, solidarily, pay the costs of these proceedings, including the expert witness fee of Dr. George Lohmann, which is hereby fixed at $350.00 (to be reimbursed directly to plaintiff’s counsel), the expert witness fee of Dr. George Anton which is hereby fixed at $50.00, and the expert witness fee of Dr. A.B. Starkey which is hereby fixed at $50.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claim of Martin S. Young, Jr., for penalties and attorney fees be and is hereby denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the demand of plaintiff, Martin S. Young, Jr., against Saia Electric, Inc. be dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the third party demand of Stone and Webster Engineering Corporation and of Employers Casualty Company against Saia Electric, Inc. be dismissed.
REVERSED IN PART AND AFFIRMED IN PART.

. The employer was sometimes referred to as “Stone & Webster Engineering Corporation."