490 So.2d 408 (1986)
Willie DUCKWORTH
v.
WINN DIXIE LOUISIANA, INC.
No. 86-CA-104.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
Rehearing Denied July 17, 1986.
*409 Arnold C. Jacobs, New Orleans, for defendant-appellant.
Dan R. Dorsey, River Ridge, for plaintiff-appellee.
Before GAUDIN, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a worker's compensation claim filed on behalf of Willie *410 Duckworth (Duckworth) against Winn Dixie Louisiana, Inc. (Winn Dixie) for alleged injuries to his shoulder sustained while loading and unloading waste from a Winn Dixie store on February 6, 1982. The trial court rendered judgment on August 23, 1985 awarding total and permanent disability in the amount of $183.00 per week for the period of his disability and future medical expenses related to this injury plus all costs. Winn Dixie now appeals. We affirm.
The evidence shows that on February 6, 1982, Duckworth was working as a truck driver for Winn Dixie. He had worked there approximately ten years. During the last five years prior to his being disabled he was employed as a truck driver. On February 6, 1982, after work, he sought medical attention at Touro Infirmary for pain in his neck and shoulder. He was treated at Touro and sent home. Earlier the following morning, on February 7, 1982 his condition worsened and he returned to the hospital. On his second admission he had become paralyzed. Subsequent surgeries have failed to remedy his condition. He is permanently paralyzed and is quadriplegic.
Appellant filed a "Motion and Order for Admission of and Supplementation of Record with Touro Infirmary Hospital Record" which was referred to the merits for final disposition with the case. Counsel for Winn Dixie argues that there was a stipulation entered into at trial with regard to the Touro records and therefore these records should be part of the record before the appellate court.
This court is mindful that after a record has been transmitted to the appellate court, such record can be supplemented by stipulation of the parties if the evidence was actually introduced at the trial. L.S.A.-C.C.P. Art. 2132; Jackson v. Wal Mart Properties, Inc., 443 So.2d 3 (La.App. 3rd Cir.1983). In the district court the stipulation was stated by counsel for Winn Dixie as: "I know we have the hospital records if they are not here, they are under subpoena, particularly the Touro records. We will make sure they get into the record." [Emphasis supplied]. After a careful reading of the transcript, we find that the Touro records were never introduced into evidence at the trial. The only portions introduced were those portions used by Touro physicians in their deposition testimony. The portions relied upon were those used to refresh their memory regarding their treatment of Duckworth.
Accordingly, we deny the motion to supplement the record on appeal with the entire Touro Infirmary Hospital record since it is clear that the entire Touro record was never introduced into evidence. Moreover, the trial judge was never asked to hold the matter open until such time as the record could be produced.
Appellant assigns the following errors:
1. That the trial court erred in concluding that Duckworth was injured on the job;
2. That the trial judge erred in attributing Duckworth's injury to his job rather than to a previous injury he sustained three days before the alleged on-the-job accident, and
3. That the trial court erred in concluding that Duckworth's disability was caused by a job accident where there was insufficient evidence to prove by a preponderance of the evidence that an industrial accident caused the disability.
Assignments of errors (1) and (2) are related in that both revolve around the issue of whether Duckworth sustained a job related injury at Winn Dixie on February 6, 1982. Counsel for Winn Dixie asserts that the trial judge erred by failing to consider the following evidence and testimony: (1) No report of a job injury was made by Duckworth until November 3, 1982, approximately nine months from the alleged date of the accident; (2) Duckworth's relating to the emergency room physicians that he was hit by a shopping cart; (3) The stipulated testimony of Leonard Price and Seth Martin, employees of Winn Dixie that they would deny that Duckworth reported an injury to them on *411 February 6, 1982 as related by him; (4) Duckworth's failure to call any witnesses from Winn Dixie to support his testimony that he reported an accident on February 6, 1982; (5) Mrs. Duckworth's testimony that her husband had previously complained of neck and shoulder pain prior to February 6, 1982.
An employee's eligibility for worker's compensation benefits is governed by L.S. A.-R.S. 23:1021 et seq. L.S.A.-R.S. 23:1031 requires that an employer pay compensation for a "personal injury by accident arising out of and in the course of [the employee's] employment." This statute was construed by our Louisiana Supreme Court in Guillory v. U.S. Fidelity & Guaranty Insurance, Co., 420 So.2d 119, 122 (La.1982) as follows:
"[t]he requirements for a successful claim under this statute are thus personal injury which is the result of an accident, which accident in turn arises out of and in the course of employment. The Louisiana compensation act does not require that the employment cause the disability. The chain of causation required by the statutory scheme as adopted by the Legislature in R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability.
An accident is defined in La.R.S. 23:1021(1) as
... an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury."
Duckworth testified that he had been experiencing pain in his neck and shoulders for at least a few weeks prior to February 6, 1982. He related that his job entailed handling drums weighing 400 to 500 pounds each. While he had the assistance of four or five men to load the drums onto his truck, he alone would then twist and turn the drums in order to empty them. Each time he would handle these containers he would experience pain. He tried home remedies to no avail. He testified that on February 6, 1982 he had 13 stores to visit within a set time limit and therefore he did not report an injury until he finished his work that day. He related that he reported the accident to employees at the end of the day. An accident report was not made out until after his surgery because he feared that Winn Dixie would fire him. With regard to an alleged injury a few days prior to February 6, 1982, he stated that a shopping cart at a Woolco store flipped off an escalator but that he was not injured. Moreover, Ms. Joyce Mitchell testified that she accompanied Duckworth at the Woolco store and that he was not injured by a loose shopping cart.
Mrs. Duckworth also testified that February 6, 1982 was the first time she had had to take her husband to Touro for a severe injury. He admitted telling doctors in the emergency room at Touro that he had been hit by a shopping cart; however, he explained that if he had told these doctors that he had been injured at Winn Dixie he feared that he would be terminated. He also related that on February 6, 1982 he did not know that he would be paralyzed and unable to return to work.
Mr. Michael Lizanna, a registered nurse, testified that he took a history from Duckworth on February 6, 1982 and remembered him as being very upset and not making a lot of sense. He was uncertain whether Duckworth understood his questions relating to any recent injury.
Dr. Robert Applebaum, a board certified neurosurgeon, testified as follows: He first examined Duckworth on February 7, 1982 in the emergency room at Touro as requested by Dr. Thornhill, an internist. On that date he took a history from Duckworth and noted that approximately three or four years previously he had had neck and shoulder pain and had been successfully treated with cervical traction for two weeks. For one year previous to the alleged accident he had pain in his neck and shoulders which increased in intensity on February 4, 1982 but he had been able to continue working. He reported that on February 5, 1982 his symptoms improved; *412 however, on February 6, 1982 while at work he noted increasing pain in his neck and shoulders and some weakness in his right hand. He first came to Touro at 8:00 p.m. on February 6, 1982. When he returned several hours later he was paralyzed and unable to walk. Dr. Applebaum also reported that Duckworth gave no history of any definite trauma or injury. He further testified that Duckworth's history confused him since he went from walking to paralyzed in less than twenty-four hours. Such sudden onset is consistent with some form of trauma or injury but he had obtained no history of trauma.
The trial judge, in his reasons for judgment, found that "on February 6, 1982 Mr. Duckworth had much greater pain than usual." He also found that Duckworth was "very sincere and believable." Moreover, he was impressed by the "extreme closeness in time ... from the extremely heavy work performed by [Duckworth] and the onset of his paralysis." The trial judge obviously believed Duckworth's explanation that he feared losing his job if he told the emergency room personnel that he had been injured at Winn Dixie. His explanation coupled with Dr. Applebaum's puzzlement that no trauma was mentioned in light of the sudden onset of paralysis and coupled with Mr. Lizanna's report that Duckworth was not making sense that night, lend support to the trial judge's findings. Moreover, it was uncontradicted that Duckworth had performed his duties at least three or four years prior to the accident.
The trial judge's determination of credibility in a worker's compensation proceeding is given great weight. Roshto v. Wausau Insurance Companies, 457 So.2d 261 (La.App. 3rd Cir.1984), writ denied 460 So.2d 1047 (La.1984). We cannot conclude that the trial judge was clearly wrong in his determination that a job accident occurred on February 6, 1982 since we find ample basis for his finding in the testimony described above. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Thus, we find that assignments (1) and (2) lack merit.
The third assignment of error relates to the trial judge's conclusion that Duckworth's disability was caused by an on-the-job accident. Appellant argues that Duckworth failed to prove by a preponderance of the evidence that a work-related accident caused his disability. Additionally, counsel for Winn Dixie asserts that in the event that Winn Dixie has the burden to prove the more likely cause of the disability, then he contends they have done so.
Counsel for appellant argues that since all of the medical testimony is presented in the form of depositions, then all of the medical testimony should be reviewed on the basis of sufficiency and preponderance of the evidence instead of the manifest error rule. Dickerson v. Zurich American Insurance Co., 479 So.2d 571 (La.App. 1st Cir.1985). Accordingly, we must examine the medical testimony in light of the Dickerson standard.
Prior to February 6, 1982 Duckworth was never paralyzed. He had been able to work hard for many years. Dr. Stuart Phillips testified that he missed work in 1974 when he was hospitalized for traction but that he allowed him to return to work and has not seen him since May 6, 1974. After February 6, 1982, the date the trial judge determined to be the date of the on-the-job accident, it is not disputed that he was quadriplegic and unable to return to his former employment. It is also clear from the testimony of his treating physician that no exact cause for his disability was found. Although Dr. John F. Schuhmacher's narrative report indicates that Duckworth suffered a vascular insult to his spinal cord which resulted in quadriplegia and that these problems are entirely unrelated to his work or any alleged trauma, he merely reviewed certain of Duckworth's records and depositions. Duckworth's treating physicians gave conflicting testimony regarding the cause of the paralysis. They were also unable to determine the exact cause of his disability.
*413 With regard to causation, the Louisiana Supreme Court has held that:
"In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. [citations omitted]. A claimant's disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition [citations omitted], or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. [citations omitted]." Walton v. Normandy Village Homes Association, Inc., et al, 475 So.2d 320, 324 (La.1985).
Duckworth's disability is presumed to have been caused by the accident since he had been able to work without incident since 1974. However, the presumption of causation is not irrebuttable, rather when established, its effect is to shift the burden of proof to the defendant. Robertson v. Scanio Produce & Institutional Foods, Inc., 449 So.2d 459 (La.1984).
Dr. Charles Billings, a board certified orthopedic surgeon, testified that he assisted Dr. Applebaum in surgery on February 7, 1982 when a laminectomy was performed on Duckworth. The purpose of the laminectomy was to relieve the pressure in the spinal cord in order to prevent further weakening and paralysis. He related that he was uncertain as to the cause of Duckworth's symptoms; however, he thinks that he had a pre-existing cervical spondylosis which is a syndrome of pain-radiating symptoms associated with degenerative disc and joint disease in the cervical spine in combination with a spinal cord tumor. No tumor, however, was found by the pathologist. Dr. Billings admitted that it is a medical possibility that constant repeated trauma or heavy manual labor would exacerbate spondylosis.
Thus, in the instant case there is circumstantial evidence that indicates that the accident and the disability were causally related since Duckworth had a long history of performing manual labor prior to the accident and could not perform these following the accident. Moreover, Dr. Billings attributed the heavy manual stress as exacerbating a pre-existing condition. "[p]re-existing disease or infirmity ... does not disqualify a claim if the work-injury aggravated, accelerated, or combined with the disease or infirmity to produce ... disability for which compensation is claimed." Walton, supra at 324.
We conclude that in light of the conflicting testimony regarding causation and in light of Duckworth's testimony that he became disabled within hours after he finished performing his work, the trial judge correctly concluded that Winn Dixie had failed to rebut the presumption that Mr. Duckworth's disability was caused by the accident. The evidence establishes that more likely than not the cause of Duckworth's paralysis was the work-related injury. Accordingly, we find appellant's third assignment of error lacks merit.
Therefore, for the reasons set forth, the judgment awarding worker's compensation to Duckworth is affirmed. Appellant is to pay costs.
AFFIRMED.