DUFRESNE, Judge.
In this workman’s compensation lawsuit the defendants, Service Industries, Inc. and its compensation carrier, Louisiana Employers Safety Association appeal the judgment of the trial court granting the plaintiff, Stanley Bergeron, workman’s compensation benefits and the payment of all past and future medical expenses for the duration of his disability.
The trial court in written reasons held that Bergeron proved by the preponderence of the evidence the occurrence of an accident in the course and scope of his employment and that he is temporarily, totally disabled within the meaning of the act.
The principal issue on appeal is whether the trial court erroneously concluded that Bergeron was 'injured on the job.
The evidence shows that Stanley Berger-on was employed as a welder for Service Industries, Inc. on December 1,1983, at the Monsanto Plant in Luling, Louisiana. Ber-geron alleges that on this date, he was injured when struck by a motorized hydraulic crane (cherry picker) while welding in a squatting position in the Monsanto pipe yard.
Bergeron asserts that the cherry picker struck a pipe stand causing it and/or the stack of pipes contained therein to strike him causing serious personal injuries. Ber-geron alleges that he fell backwards onto his buttocks and had to seek medical care.
An employee’s eligibility for workman’s compensation benefits is governed by LSA-R.S. 23:1021 et seq. More particularly, LSA-R.S. 23:1031 which requires a personal injury by accident to arise out of and in the course of employment. An accident is defined in LSA-R.S. 23:1021(1) as “... an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury”.
In Guillory v. Fidelity & Guaranty Insurance Co., 420 So.2d 119 (La.1982) our Supreme Court interpreted section 1031 to mean as follows:
“The requirements for a successful claim under this statute are thus personal injury which is the result of an accident, which accident in turn arises out of and in the course of employment. The Louisiana compensation act does not require that the employment cause the disability. The chain of causation required by the statutory scheme as adopted by the Legislature in R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability.”
The defendants paid compensation benefits from the date of the alleged accident until March 24, 1986, and now ask this court to reverse the trial court’s conclusion that Bergeron was injured in the course of job related duties.
In order to prove a work-related injury, Bergeron had to prove that more probably than not, an employment accident occurred and that it had a causal relation to his disability. The applicable rule of law is well established that the testimony of a plaintiff alone, in a workman’s compensation case, is sufficient to establish the oc *95 currence of an accident, if there is nothing reasonable which would discredit his account thereof and where his statements are supported by the surrounding circumstances. Duckworth v. Winn Dixie Louisiana, Inc., 490 So.2d 408 (La.App. 5th Cir.1986).
Nevertheless, as in all civil cases, the employee must establish an accident by a preponderance of the evidence; that is, by evidence which as a whole shows it to be more probable than not that an accident occurred. Once a work-related accident followed by injury has been established, it is presumed that the accident caused the injuries unless there is an intervening cause, Guillory, supra.
The trial court’s determination of credibility in a workman’s compensation proceeding is given great weight. Furthermore, the court’s finding on the issue of whether a work-related accident caused a worker’s injuries is a finding of fact which should not be overturned, absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Duckworth, supra and Guillory, supra.
After consideration of the entire record, it definitely shows that the trial court was not clearly wrong in finding that Bergeron had successfully met his burden of proving that he sustained a work-related accident covered by the workmen’s compensation laws, which caused his injuries that resulted in past medical bills he seeks to recover as well as past and future medical bills and benefits.
Although there exists some conflict in testimony of witnesses, we find these to be minor and do not discredit the testimony of Bergeron. We have carefully considered these inconsistencies, but cannot say that the trial court committed manifest error in granting Bergeron’s workman’s compensation benefits.
The trial judge concluded that the weekly compensation benefits had been wrongfully terminated. This determination of whether an insurer was arbitrary in terminating benefits to a claim is a factual issue and should not be disturbed unless it is manifestly erroneous. Richard v. Standard Fittings, 379 So.2d 33 (3rd Cir.1979). Here we cannot say that the trial judge was manifestly erroneous; accordingly, we affirm the award for penalties and attorney fees.
We now address the answer to the appeal filed by the appellee urging that we award attorney fees as damages for a frivolous appeal. This we deny since we do not consider this appeal frivolous within the meaning of La.C.C.P. art. 2164.
For the foregoing reasons, the judgment of the trial court is affirmed in all aspects. All costs are to be paid by the appellant.
AFFIRMED.