STEWART, J.,
concurring in part and dissenting in part.
11While I concur with the majority in affirming that part of the judgment awarding SEB and denying the claimants motion to dismiss, I dissent from that part which reverses the penalty and attorney fee granted by the trial court.
As previously stated by the majority, the findings of the Worker’s Compensation Judge are subject to the manifest error standard of review. Dean v. South-mark Const. Co., 2003-1051 (La.7/6/04), 879 So.2d 112. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. Buxton v. Iowa Police Dept., 2009-0520 (La.10/20/09), 23 So.3d 275. Furthermore, R.S. 23:1201(F) provides for the imposition of statutory penalties and attorney’s fees where the employer and/or its worker’s compensation insurer failed to reasonably controvert a claim for benefits.
The majority refers to Williams v. Rush Masonry, 98-2271 (La.6/29/99), 737 So.2d 41, as precedent for reversing the penalty and attorney fee here. In that case, the court stated that penalties are not allowed if the employer has “some valid reason or evidence upon which to base his denial of benefits.”
In the case at bar, Horseshoe did not have a valid reason or evidence to base its denial of benefits. In order to defeat the employee’s claim for SEB, the employee *830 must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was goffered to the employee. Banks v. Industrial Roofing and Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551. Horseshoe did not meet their burden because they did not offer alternative positions to accommodate Ms. Futch after she was unable to perform the modified dealer position. Dr. Acurio, her personal physician, “concluded that she should pursue another line of work” and Dr. Mead, Horseshoe’s doctor, agreed that the position “was not appropriate if [she] had to use her injured foot to pivot the chair[.]” Therefore, it was reasonable for the trial judge to grant Ms. Futch penalties and attorney fees because Horseshoe did not reasonably controvert her claim for benefits.
The trial court noted that when an employer’s denial or termination of worker’s compensation is based on competent medical evidence, its decision is not arbitrary and capricious so as to warrant imposition of penalties and attorney’s fees. Crawford v. Al Smith Plumbing and Heating Service, Inc. 352 So.2d 669 (La.1977); Levine v. Liberty Mutual Insurance Co., 305 So.2d 665 (La.App. 3d Cir.1974). However, if an initially favorable report is contradicted by subsequent reports showing that the claimant is disabled, the employer may not avoid penalties via “blind reliance” on the earlier report. Jackson v. Georgia Cas. & Sur. Co., 513 So.2d 530, 535 (La.Ct. App.1987) writ denied, 515 So.2d 448 (La.1987). The majority conceives that termination of the benefits was not arbitrary because all of Ms. Futch’s treating physicians released her to work. However, Dr. Acurio, her primary physician, changed his opinion when Ms. Futch expressed that she was not able to perform her job without
^experiencing pain in her injured foot. The trial judge found that Horseshoe had not offered anything contrary to the appellant’s representation in that regard. In addition, the court concluded that Ms. Futch had proved by clear, convincing, and uncontradicted evidence that she remains unable to perform the modified dealer position due to substantial pain.
For these reasons, I dissent from that part of the majority opinion which reverses the penalty and attorney fee granted by the trial court.
APPLICATION FOR REHEARING
Before BROWN, STEWART, MOORE, PITMAN and GARRETT, JJ.
Rehearing denied.
BROWN, C.J., would grant rehearing.