ELLIS, Judge:
Tolar Bilbo injured his right knee on February 26, 1968, while in the course and scope of his employment with defendant Prestressed Concrete Products Company, Inc. An operation to repair the damage to his knee was recommended, but Mr. Bilbo preferred to continue in his employment, and did so until January 8, 1970, when he was admitted to Touro Infirmary for the operation. At that time, payments of workmen’s compensation benefits at the rate of $35.00 per week were commenced. Until that time, he had been paid his full salary. Mr. Bilbo died of post-operative complications on February 8, 1970. Since his death, benefits at the rate of $35.00 per week have been paid to his widow and child.
This suit was filed by his widow, Mrs. Rita Bickham Bilbo, seeking an increase in the benefits to $49.00 per week for 500 weeks and for penalties and attorneys’ fees. Defendants are Prestressed and its insurer, Highlands Insurance Company. ■
At a pre-trial conference, all of the foregoing facts were stipulated, and the case was submitted to the trial court on briefs for a decision on the merits. Judgment was rendered fixing compensation at $35.-00 per week for 400 weeks and denying the prayer for penalties and attorneys’ fees. From this judgment, plaintiff has appealed.
At the time of Mr. Bilbo’s accident, R.S. 23:1202 read as follows:
“The maximum compensation to be paid under this Chapter shall be thirty-five dollars per week and the minimum compensation shall be ten dollars per week; provided that if at the time of the injury the employee was receiving wages at the rate of ten dollars or less per week, then compensation shall be full wages.”
R.S. 23:1202 was amended by Act 25 of the extra session of 1968 to read as follows :
“The maximum compensation to be paid under this chapter shall be forty-five dollars per week and the minimum compensation shall be twelve and one-half dollars per week; provided that if at the time of the injury the employee was receiving wages at the rate of twelve and one-half dollars or less per week then compensation shall be full wages; and further provided that with respect to injury or death occurring subsequent to December 31, 1969, the maximum compensation to be paid under this chapter shall be forty-nine dollars per week.”
Plaintiff argues that the change in the language of the above section creates a cause of action for death occurring after December 31, 1969, for which benefits at the rate of $49.00 per week for 500 weeks must be paid.
Defendants argue that R.S. 23:1202 only fixes the maximum and minimum rates of compensation, that the cause of action for *543 death benefits is created by R.S. 23:1231, which provides, in part:
“For injury causing death within two years after the accident there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided.”.
They claim that the compensation is for “injury causing death within two years”, and that the compensation rate in effect at the time of the injury, $35.00 per week for 400 weeks, is the proper award in this case. The question is one which has not been heretofore presented to the courts of this state.
We think it clear that R.S. 23:1231 et seq. created a cause of action in favor of dependents named therein which is separate and distinct from that of the injured workman. The right to compensation for injury ceases upon the death of the injured workman, except as to the compensation which might have accrued prior to the death. Wascom v. Miller, 101 So.2d 744 (La.App. 1 Cir. 1958). The right to death benefits arises only upon the death for causes related to a compensable injury within two years thereof. R.S. 23:1231.
However, we are of the opinion that the foundation of the cause of action is the occurrence of a compensable injury. R.S. 23:1231 so provides. The term “wages” as used in the act refers to the rate of pay in force at the time of the injury. R.S. 23:1021(11). R.S. 23:1232 provides that compensation for a widow and one child shall be “forty-six and one-quarter per centum of wages”, which relates the benefits to the time of the injury rather than to the time of death.
We conclude that, since the potential liability of the employer for death benefits depends on the occurrence of a compensable accident; and since R.S. 23:1231 grants the death benefit for “injury causing death”; and since the wages at the time of the accident form the basis for the amount of compensation, the legislature intended the limits of compensation in effect at the time of the accident, under R.S. 23:1202, to apply to the death benefits. We are further of the opinion that R.S. 23:1202 is limited in its effect to an expression of the maximum and minimum amounts of compensation payable, and does not create a separate cause of action for death occurring after December 31, 1969.
Plaintiff is also claiming penalties and attorneys’ fees for the alleged failure of Prestressed to pay compensation from the time of the injury. The record affirmatively shows that Mr. Bilbo continued to work and to draw his full salary from the time of his injury until he entered' the hospital, almost two years later. We find no evidence that any demand for compensation was made by or on behalf of Mr. Bilbo. Under those circumstances, no penalties or attorneys’ fees are due.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.