SARTAIN, Judge.
Albert Marcotte, (appellant) appeals from a judgment of the district court denying his *342 claim for workmen’s compensation benefits based on total and permanent disability. We are not favored with oral or written reasons from the trial judge. Appellee contends that the judgment appealed should be affirmed on the basis of two reasons, that appellant failed to prove an accident and that he was totally and permanently disabled in the event he proved the accident. For reasons hereinafter stated, we are of the opinion that appellant has proved both and that the judgment of the district court should be reversed.
Prior to July, 1973, appellant was employed by Atlas Construction Company (Atlas) as a heavy duty field mechanic. His job included on-site repairs to heavy equipment (earth movers, road graders, dozers) used in highway construction. As a regular part of his job, he was required to lift and move heavy pieces of machinery. At times various mechanical devices were available for the mechanics’ use in lifting heavier pieces, but often, the mechanics were forced to resort to physical labor alone in lifting and manipulating some parts. These parts often weighed in excess of two hundred pounds. In addition, a significant amount of bending, stooping and straining in awkward positions was required of the mechanics in order to make necessary repairs.
Appellant claims that on the morning of July 24 or 25, 1973, he was working on the transmission of an Euclid earth mover when he slipped and fell against the pilot shaft, thereby sustaining injuries to his back. He says he stopped his work and remained idle for a period of about thirty minutes and then resumed work for the rest of the day. There is some dispute as to when he notified his supervisor, Mr. John Davis, of his injury. Appellant testified he thought he notified Mr. Davis of the accident on the day following. Mr. Davis stated the accident and injury were reported some two days after it happened. During the time before he reported the accident, appellant attempted to perform light work, requiring no straining or lifting, but could not resume the kind of work he had been doing prior to his injury.
After reporting the accident appellant was sent by an Atlas official to the office of Drs. Abramson & Streb of Gonzales, Louisiana, and on July 29, 1973 was admitted to Ascension Hospital. His complaint was of pain in his lower back and legs. He received treatment consisting of physical therapy and pain medication and was released on August 9.
He was then referred to Dr. Richard Bolton who diagnosed mild generalized osteoarthritis and narrowing of the L-5, S-l disc space. He fitted appellant with a lum-bosacral corset and presented physical therapy, pain medication and ultra sound treatments. Appellant was allowed to return to work with Atlas on restricted duty on August 20. Approximately one week later he was allowed to return to regular duty of the type he had been doing prior to his injury. When his condition did not improve, he was admitted to Ascension Hospital by Dr. Bolton on October 15 for bed rest and traction. When further examination indicated a disc problem, he was transferred to Baton Rouge General Hospital for consultation by Dr. Thomas Flynn. Dr. Flynn diagnosed plaintiff’s injury as a herniated disc and on October 29,1973 he performed a laminectomy.
In February, 1974 Dr. Flynn allowed appellant to return to light duty work. In early March appellant returned to work on a restricted basis and since that time has held a series of light duty jobs involving no heavy lifting, straining or bending. In June, 1974, Dr. Flynn pronounced appellant able to return to unrestricted duty. After a period of a couple of months, appellant complained of low back pain which became more severe with increased activity.
Defendant, Highland Insurance Company, has paid all of appellant’s medical and hospital bills ($4,685.57) and workmen’s compensation benefits ($2618.57) for a total of forty weeks. Benefits were paid from August 4 to August 19 and from October 10, 1973 to July 25, 1974.
It is well established in our jurisprudence that in a workmen’s compensation dispute the testimony of a plaintiff alone is *343 sufficient to establish the occurrence of an accident, if nothing is presented to discredit his account of it and where his statements are supported by surrounding circumstances. Smith v. Louisiana Welding Supply Co., Inc., 331 So.2d 606 (1st La.App., 1976); Cavender v. Flenniken Construction Co., Inc., 247 So.2d 652 (2nd La.App., 1971). We, nevertheless, are mindful of the necessity that the plaintiff in all civil cases must establish by a preponderance of the evidence that an accident did occur and that it had a causal relation to the disability complained of. Francis v. Gerlach Meat Company, Inc., 319 So.2d 534 (2nd La.App., 1975).
The circumstances surrounding the incident support appellant’s contention that an accident did occur while plaintiff was repairing the Euclid earth mover on July 24 or 25. At the time of the alleged injury plaintiff was working with his assistant, a Mr. Lockhart, who plaintiff says witnessed the accident. Mr. Lockhart was not present at trial to corroborate plaintiff’s testimony as he could not be located, despite diligent efforts on the part of the plaintiff to contact him, and despite the issuance of two subpoenas which were returned unserved by the sheriff.
It was stipulated at trial that Mrs. Mar-cotte’s testimony would corroborate that of her husband as far as it concerns his claim that he returned from work on the day of the accident suffering from back pain, that he remained in pain until he reported the injury to his supervisor, and that he continued to suffer during the course of treatment by various doctors.
Mr. Davis, to whom appellant first reported his accident, testified that Marcotte had never complained of back problems of any sort until his report of the injury in the alleged accident.
Medical testimony adduced at trial established a causal connection between the injury plaintiff suffered and his residual disability. Certain medical testimony established that plaintiff suffered from mild osteoarthritis and mild degenerative disc disease to the extent that is expected to be present in any fifty-five year old person (the age of plaintiff at the time of the accident). The presence of these afflictions renders an individual more susceptible to injuries such as the disc herniation suffered by appellant. However, jurisprudence in Louisiana in the area of workmen’s compensation holds that an employer takes an employee as he finds him. Bordelon v. Tulane Industrial Laundry, Inc., 275 So.2d 878 (4th La.App., 1973). And, a worker who is normally susceptible to disability from an accident is entitled to coverage under workmen’s compensation even though the same accident would cause little or no harm to a healthy worker. Roberson v. Liberty Mutual Insurance Co., 316 So.2d 22 (3rd La.App., 1975), Kennedy v. Calcasieu Paper Company, 262 So.2d 800 (3rd La.App., 1972).
Dr. Flynn, a neurosurgeon and appellant’s treating physician, testified that appellant’s back pain must be attributed at least in part to his injury and subsequent disc surgery and should be considered as sequelae to that injury and surgery. On this point, the doctor explained:
Q. I’m primarily interested in, Dr. Flynn, how much of this should be ascribed to Mr. Marcotte’s employment from the disc problem and how much of this would be ascribed just to normal aging process, because, as Mr. Falcon pointed out, this is a compensation case and I want my client to be responsible for what my client is responsible for and not for anything else.
So with that in mind, I would like to ask you whether or not the question of disc rupturing is not really something that presupposes some degeneration in the person who suffered this ruptured disc?
A. I’m of the firm opinion that the incidence of an isolated acute rupture of a previously entirely healthy disc is extremely rare, it probably does not occur, and that almost without exception and certainly in a case such as this that this disc rupture, disc *344 protrusion, disc rupture, represents what I believe is called aggravation of the pre-existing condition. This man had, although asymptomatic, pre-existing degree of osteoarthritis and a degree of degenerative disc disease aggravated by his work in lifting. (Emphasis ours)
Dr. F. C. McMains, an orthopedic surgeon whom plaintiff consulted for the purpose of obtaining another evaluation, opined that plaintiff’s pre-existing degenerative disc disease rendered him susceptible to acute disc rupture. He stated that it would take less trauma to rupture a disc in appellant’s back now than in someone younger. Based on Dr. Flynn’s testimony, above, we are convinced that appellant did indeed sustain an injury which aggravated a pre-existing condition, thus fully establishing a causal relation between the accident and plaintiff’s present disability.
Permanent and total disability is defined as “disability to do work of any reasonable character”, R.S. 23:1221(2). The test is that an injured employee is deemed totally and permanently disabled whenever he is unable to perform work of the same or similar description to that which he performed before the accident. Futrell v. Hartford Accident & Indemnity Co., 276 So.2d 271 (La.Sup.Ct.1973). Where an injury has substantially decreased claimant’s ability to compete in the general labor market with able bodied workers possessing similar skills, he is considered totally and permanently disabled. Futrell, supra; Deshotels v. Fidelity & Casualty Co. of N.Y., 324 So.2d 895 (3rd La.App., 1975).
As a result of complaints of lower back pain following his return to work in March, 1974, Dr. Flynn determined that plaintiff suffered from a ten percent residual disability of the body as a whole and indicated that these conditions were permanent. Dr. McMains noted that should he attempt unrestricted manual labor involving heavy lifting, he would experience recurrent back trouble. Dr. Flynn also testified that awkward body positions while straining with the shoulders and arms should be avoided.
The very nature of plaintiff’s previous occupation as a field mechanic required that he perform all those body movements which the medical testimony has established he cannot now perform. He was required, as a field mechanic, to lift heavy objects, to bend and stoop in awkward positions to get at the equipment he was repairing, to strain while loosening or tightening nuts and bolts and the like, and to perform other tasks which he cannot now carry out.
Since his return to work plaintiff has worked on various jobs which require no lifting, stooping or bending. He spends up to seventy-five percent of his working time seated at a bench. His job consists of repairing small engines, operating equipment and keeping various kinds of records.
Plaintiff is not now able to compete in the labor market with able bodied individuals for field mechanic’s positions. Considering the medical evaluation of Mr. Mar-cotte’s physical condition and considering he is not able to return to his former occupation, we find that he is totally and permanently disabled and entitled to full benefits under R.S. 23:1221(2).
For the above reasons, the judgment of the trial court rejecting appellant’s demand for workmen’s compensation benefits for total permanent disability is reversed and judgment is rendered herein in favor of appellant, Albert Marcotte, and against Atlas Construction Company, Inc. and Highlands Insurance Company, in solido, for workmen’s compensation benefits for total permanent disability in the sum of $65.00 weekly during appellant’s continued total disability, not exceeding five hundred weeks, subject to credit for all compensation benefits previously paid, together with legal interest on all past due compensation from dates due until paid, and for all costs of these proceedings.
REVERSED AND RENDERED.