343 So.2d 258 (1977)
Dorothy Shaffett STUBBS, Individually and as the Administrator of the Estate of her minor children, Melissa Ann Stubbs, et al.
v.
PARISH OF EAST BATON ROUGE.
No. 11134.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Rehearing Denied March 21, 1977.
Writ Refused May 11, 1977.
*259 Robert L. Raborn, Baton Rouge, for plaintiffs Dorothy Shaffett Stubbs, and others, appellees.
Joseph F. Keogh, Parish Atty., Charles E. Pilcher, Asst. Parish Atty., Baton Rouge, for defendant Parish of East Baton Rouge, appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of the plaintiff-appellee, Dorothy Shaffett Stubbs, individually and as the administratrix of her three minor children, Melissa Ann Stubbs, Crystal Michelle Stubbs and Melody Dawn Stubbs, and against the defendant-appellant, the Parish of East Baton Rouge, awarding death benefits under the workmen's compensation law. The appellee has answered *260 appellant's appeal contending that the District Court erred in failing to award penalties and attorney's fees and in limiting death benefits to $85.00 per week rather than 65% of the deceased's weekly income without limitation. The appellee also contends that the appellant's appeal is frivolous and without merit and that the appellee should be awarded damages for the frivolous appeal.
On September 30, 1975, while in the employ of the appellant, Timothy W. Stubbs, husband of the appellee and father of her minor children, died of an acute myocardial infarction. Mr. Stubbs, who had a history of severe heart disease, was a heavy equipment operator for the appellant. When Mr. Stubbs reported for work at 6:30 A.M. on the morning of his death, he did not appear sick. He first complained of stomach pains about 8:00 A.M. when he asked his supervisor for some Rolaids. Mr. Stubbs died about 1:30 P.M. while still at work during a trip to use the bathroom. While Mr. Stubbs operated his machine only a few hours on the day he died, he had been on an overtime schedule for several weeks. There is expert testimony by Drs. James R. Calvin and Joseph A. Pellecchia that Mr. Stubbs' work was such that it would aggravate his basic underlying heart condition and contribute to his death.
Compensation benefits are due under R.S. 23:1031 in cases involving heart conditions resulting in disability or death, whether or not the condition is pre-existing, when the accidental injury is caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment and the accidental injury occurs on the job. Roussel v. Colonial Sugars Company, La., 318 So.2d 37 (1975).
There is evidence in the record which supports a finding that Mr. Stubbs died of a heart attack while in the course and scope of his employment as a heavy equipment operator and that this was an accident and injury within the meaning of the workmen's compensation law.
The factual conclusions of a Trial Court should be given great weight by a reviewing court and should not be reversed unless manifestly erroneous. There is evidence in the record to support the award of workmen's compensation benefits by the District Court.
At the time of his death, Mr. Stubbs earned $158.40 per week based on a rate of pay of $3.96 per hour and a forty hour week. R.S. 23:1231 and R.S. 23:1232 provide for an award of 65% of his wages. However, R.S. 23:1202 provides in part:
"The maximum compensation to be paid under this Chapter for injuries occurring on or after September 1, 1975, and on or before August 31, 1976, shall be eightyfive dollars per week and the minimum compensation shall be twenty-five dollars per week . . ."
In Bilbo v. Highlands Insurance Company, La.App., 271 So.2d 541 (1st Cir., 1972), this Court stated:
"We conclude that, since the potential liability of the employer for death benefits depends on the occurrence of a compensable accident; and since R.S. 23:1231 grants the death benefit for `injury causing death'; and since the wages at the time of the accident form the basis for the amount of compensation, the legislature intended the limits of compensation in effect at the time of the accident, under R.S. 23:1202, to apply to the death benefits."
Mr. Stubbs' death resulted from an injury under this chapter for which compensation is to be paid. The maximum compensation provided for by R.S. 23:1202 is $85.00 per week and the appellee's recovery is limited to this amount.
Under R.S. 23:1201.2 the failure of an employer to pay a claim due under the provisions of the workmen's compensation law within 60 days of notice of the claim, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to pay penalties and attorney's fees. A determination by the Trial Court that an employer's refusal to *261 pay benefits is arbitrary, capricious, and without probable cause is at least in part a factual determination and should not be disturbed unless manifestly erroneous. Panebiango v. Main Insurance Company, La. App., 293 So.2d 536 (4th Cir., 1974). The Trial Court concluded that the appellant's refusal to pay was not arbitrary, capricious, and without probable cause. Because of the cause of Mr. Stubbs' death, a heart attack, and the factors surrounding his death, this Court cannot say that the Trial Court's refusal to award penalties and attorney's fees was manifestly erroneous or that appellant's appeal is frivolous.
The District Court fixed the expert witness fees of Dr. James R. Calvin and Dr. Joseph A. Pellecchia at $100.00 each. The Trial Court has "much discretion" in the setting of expert witness fees. We find no abuse by the Trial Court of its much discretion.
Therefore, for the foregoing reasons, the judgment of the District Court is affirmed. Appellant to pay all costs for which it may be liable.
AFFIRMED.