422 So.2d 1248 (1982)
Melton H. ACHORD
v.
H.E. WEISE CONSTRUCTION COMPANY, et al.
No. 15118.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Rehearing Denied December 16, 1982.
*1249 A. Wayne Stewart, Denham Springs, for plaintiff-appellant.
L. Michael Cooper, Baton Rouge, for defendant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, Melton H. Achord, brought this suit for workmen's compensation benefits against his employer, H.E. Weise Construction Company and its insurer, Employers National Insurance Company. Plaintiff's petition alleged that he had suffered permanent and total disability from an injury to his back and shoulder caused by an accident arising out of the course and scope of his employment: Plaintiff also sought an award of penalties and attorney fees.
The trial judge found plaintiff to be totally and permanently disabled as a result of his accident while working for Weise and awarded compensation benefits at the maximum legal rate, $148.00 per week. Additionally, the trial court awarded penalties and attorney fees. Judgment was rendered against Employers National alone, since Weise was never served with the petition. Employers National has suspensively appealed.
The record reflects that at the time of his accident, plaintiff had been employed by Weise as a carpenter for approximately ten weeks. Plaintiff has an extensive history of prior accidents and medical problems which include four back operations and serious damage to his right chest and shoulder. On November 23, 1979, while helping to construct some scaffolding, plaintiff fell to the ground from a height of approximately sixteen feet. Plaintiff landed in a sitting position on a concrete surface. Dr. Joe Morgan, an orthopedic surgeon who saw plaintiff at the hospital emergency room and treated him thereafter, testified that as a result of the fall, plaintiff suffered a cervical strain, contusion of the right shoulder, lumbosacral strain and laceration of the right leg. Plaintiff has not returned to work since his accident and testified at trial that he suffers such severe pain in his back and down his legs that he is unable to do so.
As noted by the trial judge, there is no doubt that Achord is totally and permanently disabled. Defendant does not challenge that finding. The central issue to be decided was whether that disability stems from plaintiff's preexisting condition or is a result of the accident which occurred while plaintiff was working for Weise. The trial court stated that Achord had shown that he was performing all of the duties of his job prior to the accident and concluded that plaintiff had established a causal connection between the accident and his disability.
Defendant has raised a number of issues on appeal. Employers National contends that the trial court erred in concluding that Achord was rendered permanently and totally disabled by virtue of the November 23, 1979, accident. Defendant also asserts that penalties and attorney fees were erroneously awarded. Additionally, defendant maintains that the trial court erroneously calculated the amount of plaintiff's award and improperly required defendant to pay past medical expenses.

CAUSAL CONNECTION BETWEEN ACCIDENT AND DISABILITY
The primary issue on appeal is whether or not the trial court committed error in holding that plaintiff's disability was caused by the November 23, 1979, accident. Plaintiff has a previous history of serious back and shoulder injuries. In 1963 Achord suffered a ruptured disc in his back. As a result of that injury, he underwent four back operations *1250 between 1963 and 1965, including a laminectomy and a spinal fusion. In September of 1977, plaintiff suffered a serious injury when a tractor which he was operating overturned on top of him. In that accident plaintiff sustained a "crush injury" to the right chest and shoulder, resulting in damage to the nerves and muscles in that area.
Following his tractor accident in September of 1977, plaintiff did not return to work for approximately two years. In November of 1977, he was granted Social Security disability benefits.[1] Achord returned to work as a carpenter in September of 1979, some ten weeks before the November 23 accident. Achord and his wife testified that before his return to work in September of 1979, plaintiff built a house for them to live in. According to plaintiff, when he returned to work after the tractor accident, he was able to perform all of his job duties without any substantial pain. Ronnie Hall and Dennis Bornes, co-workers of plaintiff, testified at trial. Hall testified that he worked with Achord frequently during the ten weeks that plaintiff worked for Weise prior to his fall from the scaffolding. Hall testified that plaintiff never failed to perform his duties, which included the lifting and carrying of large boards as well as the use of a hammer and a 16-pound maul. Bornes testified that he had worked with plaintiff on one occasion prior to his fall and that plaintiff did his job as well as any other man.
The testimony of a number of medical experts was admitted at trial by way of deposition. The consensus of the experts was that plaintiff had recovered from the effects of his November 23, 1979 fall and that his remaining disability was the result of his pre-existing condition. Dr. Thomas Davis, plaintiff's family doctor, was alone among the experts in concluding that plaintiff's fall contributed to his continuing disability. The remainder of the experts testified that plaintiff's pre-existing condition made him totally and permanently disabled and incapable of working as a carpenter prior to his accident. They did concede, though, that if plaintiff were working pain free as a carpenter prior to his fall and was unable to return to work after his fall because of pain, the accident did contribute to his disability. However, those witnesses testified that in their opinions Achord could not have been performing the duties of a carpenter prior to his accident without working in substantial pain.
Defendant contends that the trial court erred in accepting the lay testimony that plaintiff was performing his job without substantial pain prior to his accident and in concluding that the accident bears a causal relation to his present disability. Employers National asserts that the medical testimony that plaintiff was disabled to perform the work of a carpenter prior to the accident should be accepted as conclusive.
The law is well-settled in cases involving aggravation to a pre-existing condition. A worker who is normally susceptible to disability from an accident is entitled to workmen's compensation benefits even though the same accident or injury would have caused little or no harm to a healthy worker. Loyd v. Atlas Const. Co., 341 So.2d 1245 (La.App. 1st Cir.1976), cert. denied, 344 So.2d 4 (La.1977); Marcotte v. Atlas Const. Co., Inc., 340 So.2d 341 (La.App. 1st Cir. 1976), cert. denied, 342 So.2d 676 (La.1977). An employer takes an employee as he finds him and is liable for compensation even when the disabling accident was such only because of a preexisting disorder in the employee. Crawford v. Al Smith P. & H. Service, Inc., 352 So.2d 669 (La.1977); St. Pe v. H.P. Foley Elec. Co., 341 So.2d 639 (La.App. 4th Cir.1977); Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3rd Cir.1976). It is also well-settled that workmen's compensation benefits are payable when an occupational accident aggravates or accelerates a preexisting condition and produces disability. Crawford v. *1251 Al Smith P. & H. Service, Inc., supra; Chism v. Kaiser Aluminum & Chemical Corporation, 332 So.2d 784 (La.1976); Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
The burden is upon the plaintiff to establish a causal relation between the accident and the disability complained of. Loyd v. Atlas Const. Co., supra; Francis v. Gerlach Meat Company, Inc., 319 So.2d 534 (La.App. 2nd Cir.1975), cert. denied, La., 322 So.2d 776. In each case, it is the totality of the evidence, medical and lay, which must be examined by the court in making its determination of whether to grant an award for disability. Crawford v. Al Smith P. & H. Service, Inc., supra; Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975).
In Tantillo v. Liberty Mutual Insurance Company, supra, the Louisiana Supreme Court made the following observation with regard to the weight to be given lay testimony when it conflicts with medical testimony:
"It is generally true that medical testimony which is not in conflict cannot be overcome by lay testimony. Nevertheless, in every case it is the totality of the evidence, medical and lay, which must be examined by the court in making its determination of whether to grant an award for disability. Great weight, almost to the point of exclusion of other evidence, is given to uncontradicted medical evidence which is directed toward a complex scientific question. However, in all cases, it is the judge's function to determine the weight which is to be accorded the medical testimony as well as the lay testimony. Lay testimony has great probative value in establishing certain facts, such as the existence and location of pain and the actual ability or inability of a claimant to perform certain physical functions or to pursue his regular employment." 315 So.2d at 748, 749.
As the Tantillo decision observes, one area in which lay testimony has great probative value is in establishing the actual ability or inability of a claimant to pursue his regular employment. In the instant case, the lay testimony was offered for that very purpose. It established that Achord was able to and was performing all of the duties of his job as a carpenter prior to his accident. This testimony directly contradicts the medical testimony that plaintiff was totally and permanently disabled prior to his accident. The trial court chose to accept the lay testimony and concluded that there was a causal connection between plaintiff's disability and his accident of November 23, 1979. On the basis of the evidence in the record, we are unable to say that the trial court was clearly wrong in that determination. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).

PENALTIES AND ATTORNEY FEES
Defendant contends that penalties and attorney fees were improperly awarded because LSA-R.S. 23:1201.2, which authorizes such an award in instances of arbitrary or capricious failure to pay workmen's compensation benefits, is applicable only to an employer which is not covered by insurance. Counsel for defendant argues that since Weise was covered by insurance and since the judgment was rendered against Weise's insurer, there can be no liability for penalties and attorney fees under that statute. That portion of counsel's argument is correct. However, counsel for defendant has overlooked the fact that LSA-R.S. 22:658 contains a similar provision for penalties and attorney fees in the event of an insurer's failure to pay a claim when such failure is found to be arbitrary, capricious or without probable cause.
Plaintiff's accident occurred on November 23, 1979. Defendant paid workmen's compensation benefits from that date until June 27, 1980. Benefits were terminated on that date on the basis of medical reports received from Drs. John Fraser and Thomas Flynn. The report of Dr. Flynn, a neurosurgeon, was dated June 9, 1980. In it Dr. Flynn expressed his opinion that plaintiff's back problems and disability were not a result of his November 23, 1979, fall but *1252 stemmed from his pre-existing condition. Dr. Fraser, an orthopedic surgeon, made his report on June 20,1980. In it he expressed his opinion that any problems which Achord was experiencing in his right shoulder and arm were directly related to the tractor accident.
The trial court concluded that the termination of compensation benefits was arbitrary and capricious for the following reason:
"The court is of the further opinion that if defendant had made a more careful review of all of the medical information and the facts of plaintiff's performance of his duties on the job, they [sic] would not have terminated his compensation. The court further feels that defendant's failure to do so amounts to arbitrary and capricious conduct."
A determination that discontinuance of benefits is arbitrary and capricious is a factual finding not to be disturbed unless manifestly erroneous. Richard v. Standard Fittings, 379 So.2d 33 (La.App. 3rd Cir.1979); Stubbs v. Parish of East Baton Rouge, 343 So.2d 258 (La.App. 1st Cir.1977), cert. denied, 345 So.2d 506 (La.1977). There is no such error in the instant case.
Defendant contends that termination of benefits was not arbitrary and capricious because it was done in reliance upon the letters from Dr. Flynn and Dr. Fraser. Those letters did not establish that plaintiff was not disabled; they merely attributed plaintiff's disability to his preexisting condition. Defendant was aware that plaintiff, despite his previous injuries, was working as a commercial carpenter for its insured prior to his fall. Had defendant checked with its insured and the insured's employees it would have learned that for a period of about three months plaintiff had performed the strenuous duties of his job without problem. Thus, the insurer had knowledge of facts which contradicted the conclusions reached in the doctors' reports. Additional facts, likewise contradictory to those reports, were available through rudimentary investigation. In terminating plaintiff's compensation benefits, defendant chose not to conduct such an investigation into plaintiff's pre-accident job performance and to rely solely upon the medical reports. Under these circumstances we cannot say that it was manifest error for the trial court to conclude that such actions amounted to an arbitrary and capricious termination of benefits. Thus, there is no error in the award of penalties and attorney fees.
Plaintiff has answered defendant's appeal, seeking an increase in attorney fees for representation on appeal. We believe that an increase is warranted because the appeal has necessitated additional work on the part of plaintiff's counsel. Under the circumstances, we conclude that an additional award in the amount of $1,500.00 should be made for attorney fees. The judgment will be amended accordingly.

AMOUNT OF PLAINTIFF'S AWARD
The trial court calculated plaintiff's award on the basis of the statutory maximum amount of $148.00 per week. Defendant notes that plaintiff has been receiving Social Security disability benefits since November of 1977. Employers National contends that plaintiff's benefits should be reduced pursuant to LSA-R.S. 23:1225, which provides as follows:
"The benefits provided for in this Subpart B for injuries producing permanent total disability shall be reduced when anyone is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. Section 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workmen's compensation benefits would otherwise cause or result in a reduction of the benefits payable under the federal old age, survivors, and disability insurance act pursuant to 42 U.S.C. Section 424a and in no event will the benefits provided in this Subpart together with those provided under the federal law exceed those *1253 that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. Section 424a."
Since plaintiff is receiving Social Security disability benefits, the amount of his workmen's compensation benefits may be subject to reduction under the terms of LSA-R.S. 23:1225. However, defendant failed to present any evidence with regard to the amount of Social Security benefits which Achord was receiving or to the amount of reduction in compensation benefits which might be required. Since defendant failed in its burden of proof, there is no error in the district court's judgment.
The trial court's judgment awarded plaintiff $5,032.00 in back compensation. Defendant contends that this sum is erroneous and should actually be $4,989.71. In brief, plaintiff concedes that an error was made in calculating the amount of back compensation owed and that the proper figure is $4,989.71. The judgment of the trial court will be amended accordingly.

DURATION OF BENEFITS
The judgment of the trial court ordered Employers National to pay plaintiff the sum of $148.00 per week "for the remainder of Melton H. Achord's life." As defendant correctly points out, this award goes beyond what is authorized under LSA-R.S. 23:1221.[2] That statute provides that an employee who is permanently and totally disabled shall receive benefits "during the period of such disability." Such disability may or may not extend throughout the plaintiff's lifetime. Therefore, the trial court's judgment must be modified to award benefits only for the period of disability.

MEDICAL EXPENSES
The trial court's judgment ordered defendant to pay "all past and future medical expenses." Defendant contends that this portion of the judgment is erroneous because plaintiff failed to prove any unpaid medical expenses related to the November 23, 1979, accident. Our review of the record reveals that plaintiff adequately proved the existence of unpaid medical bills related to his accident. That portion of the trial court's judgment is correct.

DECREE
For the above and foregoing reasons, the judgment of the district court is amended by reducing the amount of back compensation owed to $4,989.71 and increasing the award for attorney fees to the sum of $4,500.00. That judgment is further amended to provide that plaintiff is entitled to benefits for permanent and total disability only for the period of such disability. As amended, the judgment is affirmed. Costs of the appeal are taxed against the appellant, Employers National Insurance Company.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff was still receiving Social Security disability benefits at the time of the accident in question. He testified that he returned to work under a Social Security rehabilitation program which allowed him a 9-month trial period in order to determine his ability to return to work.
[2] LSA-R.S. 23:1221(2) provides as follows:

"(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability."