JiDECUIR, Judge.
The sole issue raised by this appeal is whether workers’ compensation death benefits, enumerated in La.R.S. 23:1232, are subject to the “cap” placed on workers’ compensation benefits by La.R.S. 23:1202. For the *517 reasons that follow, we find that death benefits are subject to the “cap.”
FACTS
On June 30, 1996, Mark Arceneaux sustained injuries which resulted in his death. At the time he was working in the course and scope of his employment with Frank’s Casing Crew & Rental Tools, Inc. His weekly wage was $678.11 at the time of his death. Louisiana Workers’ Compensation Corporation, as Frank’s compensation carrier, has paid death benefits at the maximum workers’ compensation rate from the date of the accident ($330.00 per week) to his widow, Tammy Arceneaux, and his two dependent children.
|2On August 12, 1997, Tammy Arceneaux amended an existing 1008 seeking death benefits in the amount provided for in La.R.S. 23:1232(3), or 65 percent of Mark Arcen-eaux’s average weekly wage. Frank’s filed a motion for summary judgment. After a hearing, the workers’ compensation judge granted Frank’s motion for summary judgment. Tammy Arceneaux lodged this appeal.
APPLICABILITY OF LA.R.S. 23:1202
Tammy Arceneaux contends that the workers’ compensation judge erred in granting Frank’s motion for summary judgment. The crux of her argument is that the workers’ compensation judge erred in concluding that the death benefits provided by La.R.S. 23:1232 are subject to the “cap” on workers’ compensation benefits as provided by La.R.S. 23:1202. We disagree.
While this court has not previously addressed this issue, the supreme court has addressed it by implication and several other circuits have directly resolved the question. In G.N.B., Inc. v. Jones, 29,779 (La.App. 2 Cir. 8/20/97); 699 So.2d 466, the second circuit held La.R.S. 23:1202 applicable to all benefits payable under Chapter 10 of Title 23, the Workers’ Compensation Law.
In Stubbs v. Parish of East Baton Rouge, 343 So.2d 258 (La.App. 1 Cir.1977), writ denied, 345 So.2d 506 (La.1977), the court addressed the specific issue raised in this case. The court, quoting Bilbo v. Highlands Insurance Company, 271 So.2d 541 (La.App. 1 Cir.1972), writ denied, 275 So.2d 780 (La.1973), said:
We conclude that, since the potential liability of the employer for death benefits depends on the occurrence of a compensable accident; and since R.S. 23:1231 grants the death benefit for ‘injury causing death’; and since the wages at the time of the accident form the basis for the amount of compensation, the legislature intended the limits of compensation in effect |3at the time of the accident, under R.S. 23:1202, to apply to the death benefits.
Stubbs, 343 So.2d at 260. Likewise, in LeCroy v. Brand Scaffold Building, Inc., 95-1522 (La.App. 1 Cir. 2/23/96); 672 So.2d 181, writ denied, 96-1442 (La.9/27/96); 679 So.2d 1352, responding to plaintiffs, argument that La.R.S. 23:1202 was inapplicable to the death benefit, the court said:
Section 1202 is contained in Subpart A concerning the general provisions relative to all benefits, which necessarily includes death benefits. That section deals with the maximum and minimum amounts payable “under this Chapter,” referring to Chapter 10 which is the entire body of workers’ compensation law.
LeCroy, 95-1522, p. 6, 672 So.2d at 184.
The fourth circuit reached the same conclusion in Rivers v. Macco, 391 So.2d 873 (La.App. 4 Cir.1980), as did the supreme court by way of footnote in Henderson v. Travelers Ins. Co., 354 So.2d 1031 (La.1978) (footnote 1). Finally, legal commentators have also noted the applicability of the statutory maximum benefits found in La.R.S. 23:1202 to the payment of death benefits. See Malone- and Johnson, Workers Compensation Law and Practice, 3d ed., Section 312.
Accordingly, we find that the “cap” provided for in La.R.S. 23:1202 is applicable to death benefits provided by La.R.S. 23:1232. The workers’ compensation judge did not err in granting Frank’s motion for summary judgment.
CONCLUSION
For the foregoing reasons the judgment of the workers’ compensation judge is affirmed. *518 All costs of this appeal are taxed to appellant, Tammy Arceneaux.
AFFIRMED.