432 So.2d 1153 (1983)
Mary B. BRASSEAUX, Plaintiff-Appellee,
v.
ARGONAUT INSURANCE COMPANY, Defendant-Appellant.
No. 83-43.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1154 Allen, Gooch & Bourgeois, Frank Flynn, Lafayette, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This workmen's compensation suit was brought by Mary B. Brasseaux against her employer's insurer, Argonaut Insurance Company, for a back injury she allegedly sustained during the course of her employment. The trial court found that Miss Brasseaux's back injury occurred as the result of a job related accident. Judgment was rendered declaring Miss Brasseaux to be totally and permanently disabled entitling her to $76.66 per week compensation beginning May 4, 1982, and awarding her penalties and attorney's fees in accordance with LSA-R.S. 22:658. Argonaut has appealed the trial court's judgment. Miss Brasseaux answered the appeal asking that attorney's fees be increased to $10,000.00.
Miss Brasseaux had been employed by Dup's Superette in the meat department in excess of five years. Her job at the time of her injury was that of a butcher which included cutting meat, and making sausages and boudin. In the course of her employment she was required to lift heavy hindquarters of beef and other meats which weighed in excess of fifty pounds.
On May 4, 1982, Miss Brasseaux lifted heavy tubs of meat products used to make boudin. The following morning Miss Brasseaux experienced severe back pains and was unable to get out of bed.
She attempted to see her family physician, Dr. Charles J. Aswell, but he was not in; she was treated by Dr. Charles E. Fontenot. A few days later she was examined by Dr. Aswell who had her placed in the Ville Platte General Hospital where she was put in traction and given whirlpool baths. She remained in the hospital for about four days when a myelogram was performed. Dr. Aswell referred Miss Brasseaux to Dr. Frank Anders, an orthopedic surgeon, who continued her treatment.
Dr. Anders found Miss Brasseaux to have a disc herniation at the L-4-5 and smaller defects at L-3-4, L-5, and S-1. Miss Brasseaux did not relate a job accident to Dr. *1155 Anders. Dr. Anders told Miss Brasseaux that since her job required her to lift heavy objects it could have caused her injury.
Dr. Anders recommended physical therapy and prescribed medication but did not suggest surgery because of her obesity. He stated that she was not able to go back to the type of work she described to him.
The appellant relies on three specifications of error on its appeal: (1) the plaintiff did not sustain a work related accident; (2) the plaintiff is not totally and permanently disabled and, (3) the trial court erred in awarding penalties and attorney's fees.

CAUSE OF INJURY
The appellant contends that Miss Brasseaux did not bear the burden of establishing by a preponderance of the evidence that she received a personal injury arising out of and in the course of her employment. Argonaut stated that the failure of Miss Brasseaux to relate her back complaints to an accident is persuasive evidence that her complaints are not work related.
An employee who is disabled because of an on the job accident is entitled to benefits under the Louisiana Workman's Compensation Law.
LSA-R.S. 23:1021(1) provides:
"`Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."
Jurisprudence has given this statutory definition of accident a broad interpretation. It has been held that "when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown the statutory requirements for an accidental injury are present." Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972). The accident need not produce instantaneous objective symptoms of injury. Geist v. Martin Decker Corp., 313 So.2d 1 (La.App. 1st Cir.1975).
It is a settled principle that workmen's compensation is payable when a work related accident aggravates or accelerates a pre-existing condition and produces disability. Melder v. Century Tel. Enterprises, 413 So.2d 1325 (La.App. 3rd Cir.1982). In the case of Daney v. Argonaut Ins. Co. 421 So.2d 331 (La.App. 1st Cir.1982), the court stated:
"... Our jurisprudence demonstrates that it is not necessary that an accident be caused by extraordinary activities of an employee or that said activities be the exclusive cause of an accidental injury. It is only necessary that the accidental injury be caused or precipitated by the usual and customary actions, exertion, or other factors directly connected with the employment. Roussel v. Colonial Sugars Co., 318 So.2d 37 (La.1975). It is immaterial that the disability could have been brought on by causes other than a work related trauma, if, in fact, trauma on the job which meets the standards of accidental injury is a disabling factor. Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969). We have recently held, moreover, that an accident which aggravates or accelerates a pre-existing condition is compensable even where disability is not caused by a single or specific incident. Chism v. Kaiser Aluminum & Chemical Corp., 332 So.2d 784 (La.1976)."
The trial court in its well considered written reasons for judgment found Miss Brasseaux to have sustained her burden of proving a work related accident resulting in her back injury. We find that the record fully supports the trial court's findings as to a work related accident. Miss Brasseaux's job required her to lift heavy meats. On May 4, 1982, she assisted in making boudin which required her to lift heavy tubs of ingredients. Miss Brasseaux experienced severe back pains the next morning. She went to work but was told by her employer that she should go home because she did not look well. Miss Brasseaux was treated by Dr. Aswell who placed her in the hospital and advised her that the type of work performed could have caused her back injury or aggravated it.
*1156 Medical testimony establishes that one or more incidents on the job aggravated or caused Miss Brasseaux's back condition. Dr. Anders stated:
"Q. Did the patient relate to you having previous episodes of back pain?
A. Yeah, off and on, nothing this severe, she said.
Q. Okay. Do you have an opinion whether or not the work activity at Dupre's Superette is a cause of her back pain?
A. The cause? No, sir, I don't have an opinion about that. I have told her thatwhen I asked her about her occupation, she told me that she lifted large quantities of meat, weighing several pounds, sometimes over fifty (50) pounds. I told her that this could certainly aggravate the situation and could have caused it.
Q. Okay. So, you are saying that the work activity that she described to you could possibly have caused back problems?
A. It's possible.
Q. Is it conceivable that the fact that this lady is overweight could cause the back pain?
A. It's unlikely. I have a lot of heavy patients that don't have back pain, you know, you can't really directly relate that. I can tell you that once a patient has back pain, if they are obese, they are less likely to get over it ...
Q. Okay.
A.... than if they're thin
Q. Doctor, I take it then that you feel that her work activity which is fully described in this report contributed to or aggravated her herniated intervertebral disc condition, is that not correct?
A. I think it could have.
Q. Yes, sir. Let me ask you this. In view of the fact, that the history shows nothing else, no other traumatic episodes, no other incidents, no car wrecks, no plane wrecks or anything, would you feel that it is more likely than not thatthat the work activity did contribute to the disc disease?
A. That's a reasonable assumption, but based only on her history."
The trial court in its written reasons for judgment stated:
"The Court has carefully reviewed all the evidence and finds as a fact proven that plaintiff suffered an accident within the intendment of the Louisiana Workers' Compensation Statute. This matter is fully treated in Louisiana Civil Law Treatise, Volume 13, entitled Workers' Compensation Law and Practice, Second Edition by Max S. Malone and Halston Johnson, III..."
We find there is a causal relation between Miss Brasseaux's job and her disability which renders her back injury compensable under the Louisiana Workman's Compensation law.

EXTENT OF DISABILITY
The trial court found that Miss Brasseaux was totally and permanently disabled within the meaning of LSA-R.S. 23:1221(2):
"(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability."
An employee need not be absolutely helpless to qualify for total disability. "If the evidence of his physical impairment and of other such factors as his mental capacity, education, and training indicates that he can perform no services other than those which are so limited in quality, dependability or quantity that a reasonable stable market for them does not exist, the injured *1157 employee is entitled to total disability compensation unless the employer or his insurer is able to show that some form of suitable work is regularly and continuously available to the employee within reasonable proximity to his residence." Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
The odd-lot doctrine also applies if the claimant can prove that he can function only with substantial pain. The claimant must prove that such pain appreciably limits the type of work available to him and greatly diminishes his ability to compete in the labor market.
Reviewing the evidence in light of the above principles we find that Miss Brasseaux has not made out a prima facie case for classification in the odd-lot category. Miss Brasseaux is forty-four years of age, has a high school degree and twenty-six hours of college. She has worked as a teacher's aide and assisted in grading French papers. She also has job experience as a clerk in a department store.
The medical testimony also establishes that Miss Brasseaux does not fall within the odd-lot category as evidenced by Dr. Anders testimony:
"Q. Doctor, from a medical standpoint, do you feel that Mary Brasseaux is able to engage in work activities as of today?
A. I thinkI don't think that she is able to go back to the type of work she described to me, lifting heavy meats and things like that. I think that she is able to seek gainful employment. Based on her educational background I couldn't tell you what she could do, because I don't know what educational level she had, but I think she could do something."
Dr. Anders also stated that Miss Brasseaux could not engage in employment which required her to stand or sit for long intervals. However, he stated that she could perform work where she was able to alternate between standing and sitting. This would decrease the amount of pain that she would suffer. Miss Brasseaux's physical impairment considered with her education, job training and the medical evidence presented does not entitle her to total and permanent disability within the meaning of LSA-R.S. 23:1221(2).
We are convinced that Miss Brasseaux falls within the definition of partial disability as defined by LSA-R.S. 23:1221(3):
"(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from injury occurring on and after September 1, 1975, and on or before August 31, 1976; and not beyond a maximum of four hundred twenty-five weeks for such partial disability resulting from injury occurring on and after September 1, 1976, and on or before August 31, 1977, and not beyond a maximum of four hundred fifty weeks for such partial disability resulting from injury occurring on and after September 1, 1977; provided further that for any week during which the employee is paid any compensation under this subdivision (3) the employer shall be entitled to a reduction of one full week of compensation against the maximum number of weeks for which compensation is payable under this subdivision (3) and for any week during which the employee is paid *1158 no compensation, because of the employee's actual earnings during that week, the employer shall not be entitled to a reduction for that week against the maximum number of weeks for which compensation is payable under this subdivision (3), and in no event shall the total number of weeks of compensation for such partial disability under this subdivision (3) be increased beyond the maximum number of weeks stated in this subdivision (3)."
If an employee is prevented from returning to his former employment or work of a similar character but is not prevented from engaging in gainful activity at some job, he is considered partially disabled. The preponderance of the evidence shows that Miss Brasseaux can no longer perform the work of a butcher. Her condition does not, however, preclude her from engaging in other gainful employment. We therefore find that Miss Brasseaux is partially disabled and entitled to 450 weeks compensation for the injuries she received.

PENALTIES AND ATTORNEY'S FEES
The trial court found that Argonaut was arbitrary capricious and acted without probable cause in failing to pay weekly compensation benefits to Miss Brasseaux. It awarded penalties and attorney's fees in accordance with LSA-R.S. 22:658. Argonaut contends that Miss Brasseaux did not establish any proof of loss upon which it could make a determination as to whether or not compensation benefits should be instituted, and, its denial to pay compensation benefits was based on a bona fide legal contention.
The issue of whether or not the refusal to pay compensation benefits is arbitrary, capricious or without probable cause is a factual one to be determined upon the merits of each case. If the employer has a bona fide dispute as to whether the injury is compensable or if the legal issue involved is complex penalties will be denied. Malone and Johnson Worker's Compensation § 389 in 13 La.Civ.L. Treatise 289 (2nd ed. 1980); Stubbs v. Parish of East Baton Rouge, 343 So.2d 258 (La.App. 1st Cir.1977), cert. denied 345 So.2d 506. But refusal without substantial reason or upon mere protestation that the matter was unclear from a legal standpoint will support an award of penalties. LaCalle v. Ashy Enterprises, 353 So.2d 439 (La.App. 3rd Cir. 1977), cert. denied 355 So.2d 266 (La.1978).
LSA-R.S. 22:658 provides that an insurance carrier shall be subject to penalties and attorney's fees when it has not paid compensation within sixty days after the receipt of proof of loss. Jurisprudence is well established that "the claimant does not have to wait for the sixty day period to expire after his demand in order to file suit for benefits and penalties if the employer or insurer has denied his claim outright; the denial is treated as a waiver of the sixty-day period otherwise available." Malone and Johnson, Workers' Compensation, supra, § 389 at p. 294; see also Smith v. Kelly Labor Service, 239 So.2d 685 (La.App. 4th Cir.1970), cert. denied 241 So.2d 531 (La. 1970).
The accident occurred on May 4, 1982. The employer and insurer were informed of the accident by letter dated May 13, 1982. Miss Brasseaux's attorney instituted suit on June 8, 1982. Argonaut filed an answer to Miss Brasseaux's petition denying the injury and her claim for benefits. We find no abuse of discretion in the trial courts award of $3,000.00 attorney fees.

DECREE
For the foregoing reason, the judgment of the trial court awarding total and permanent disability benefits to Mary Brasseaux is hereby vacated and set aside and the judgment is affirmed as amended and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Mary B. Brasseaux and against Argonaut Insurance Company, awarding unto Mary Brasseaux workmen's compensation benefits for partial disability under the provisions of LSA-R.S. 23:1221(3) at the rate of $76.66 per week beginning May 4, 1982 for 450 weeks, with interest at the rate *1159 of ten (10%) per cent per annum on each past due payment from its due date until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be and is judgment in favor of Mary B. Brasseaux and against Argonaut Insurance Company for all medical and incidental expenses incurred up to the time of the trial, with interest thereon at the rate of ten (10%) per cent per annum from June 8, 1982, until paid, reserving unto her the right to claim future medical expenses.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in accordance with LSA-R.S. 22:658, and in addition to the weekly amounts herein above awarded, the statutory penalties of twelve (12%) per cent on each of said amounts, and an additional amount of $3,000.00 as attorney fees, all with ten (10%) per cent interest from June 8, 1982 until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Argonaut Insurance Company pay all costs, to include this appeal, including medical expert fees of all the doctors who testified in this case.
AFFIRMED AS AMENDED, AND RENDERED.