PETTIGREW, J.
 

 12This workers’ compensation case is before us on appeal from a judgment in favor of claimant, Rosa M. Batiste, and against her employer, Meadowcrest Hospital, LLC. (“Meadowcrest”)
 
 [1]
 
 For the reasons that follow, we hereby affirm.
 

 Rosa M. Batiste was employed as an LPN by Meadowcrest in a full-time plus capacity at an hourly wage rate of twenty-four ($24.00) dollars. Prior to her injury, Ms. Batiste’s job duties mandated that she transport, lift, and care for patients. Ms. Batiste alleged that she injured her back and knee on January 7, 2005, as she assisted other nurses in lifting and transferring a patient weighing approximately 300 pounds from a stretcher to a bed.
 

 In December 2005, Ms. Batiste’s then treating physician, Dr. James Butler, released her to the care of Dr. Jacques S. Whitecloud for pain management. In January 2006, Dr. Whitecloud performed an epidural steroid injection, and noted the following week that Ms. Batiste’s leg pain had not abated. Ms. Batiste also underwent a Functional Capacity Evaluation in February 2006 that revealed she could return to a sedentary level of work activity. In March 2006, Drs. Butler and Whitec-loud concurred with the results of the Functional Capacity Evaluation and Dr. Butler assigned Ms. Batiste an 8% whole body physical impairment noting Ms. Batiste had reached maximum medical improvement for her chronic low back condition.
 

 Ms. Batiste underwent vocational rehabilitation with Kathleen Falgoust on April 27, 2006. Ms. Falgoust identified four full-time jobs available to Ms. Batiste with
 
 *354
 
 wages ranging from $9.00 per hour to $23.00 per hour that were approved by Ms. Batiste’s physicians as being within her restrictions. Although Ms. Batiste attempted to secure one of these jobs, her limited experience as a registered nurse and lack of competitive ability | ^combined with the highly competitive job market following Hurricane Katrina placed these positions out of her reach.
 

 Ms. Batiste received workers’ compensation indemnity and medical benefits from Meadowcrest for eleven months from June 2005 through May 2006, at which point Meadowcrest determined her disability had ended. Upon termination of her benefits, Ms. Batiste was forced to return to work, but claimed she was restricted to part-time employment at a decreased wage due to her physical and educational limitations.
 

 Ms. Batiste thereafter filed the instant claim for compensation with the Office of Workers’ Compensation, on January 24, 2007. This matter proceeded to trial on the merits before the worker’s compensation judge (“WCJ”) on December 4, 2008. The WO later ruled (1) Ms. Batiste’s average weekly wage was $960.00; (2) Vocational rehabilitation counselor, Kathleen Falgoust, was ordered to reopen Ms. Batiste’s file and assist in finding her better job options; (3) Supplemental Earnings Benefits (“SEBs”) for the month of July 1, 2006 to July 31, 2006, totaling $1,752.00 were owed to Ms. Batiste by Meadowcrest and ordered to be paid; (4) Ms. Batiste was awarded $55,465.00 in retroactive compensation for the period July 31, 2006 to December 4, 2008, based on a weekly SEB rate of $426.66; (5) Judicial interest at the rate of 9.5% was owed on all outstanding benefits; (6) Ms. Batiste’s weekly SEB benefits were to continue at the rate of $426.66; (7) Meadowcrest was ordered to pay the trial appearance fee together with costs of a vocational rehabilitation counsel- or retained by Ms. Batiste; and (8) Although Meadowcrest had wrongfully terminated Ms. Batiste’s benefits, it had been neither arbitrary nor capricious; therefore, penalties and attorney fees were inapplicable.
 
 [2]
 
 From this judgment, Mea-dowcrest has appealed and assigns error to the relief granted by the WCJ.
 

 Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact.
 
 Allman v. Washington Parish Police Jury,
 
 2004-0600, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 86, 88. Factual findings in a workers’ compensation case are subject to the manifest error-clearly wrong standard of review.
 
 McCray v. Delta Industries, Inc.,
 
 2000-1694, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Thus, “[i]f the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.”
 
 Sistler v. Liberty Mut. Ins. Co.,
 
 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous.
 
 *355
 

 Bolton v. B E & K Const.,
 
 2001-0486, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 85.
 

 The finding of disability within the framework of the workers’ compensation law is a legal rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately, the question of disability is a question of fact, which cannot be reversed in the absence of manifest error.
 
 Severio v. J.E. Merit Constructors, Inc.,
 
 2002-0359, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 465, 469.
 

 Following a thorough review of the record herein, we find no error in the findings of the WCJ. Thus, we affirm the decision below in accordance with Uniform Rules— Courts of Appeal, Rule 2-16.1(B), and assess all costs associated with this appeal against Ms. Batiste’s employer, Meadowcrest Hospital, L.L.C.
 

 AFFIRMED.
 

 [1]
 

 . Through a motion filed on March 19, 2008, the employer of Ms. Batiste, Meadowcrest Hospital, L.L.C. ("Meadowcrest”), moved to correct the caption of this litigation to reflect its proper legal name. Following a hearing on April 18, 2008, the worker’s compensation judge ("WCJ”) authorized the change from Tenet Healthcare Corporation to Meadow-crest in the caption of this litigation.
 

 [2]
 

 . It should be noted that the WO orally ruled on December 4, 2008, that Meadowcrest had wrongfully terminated Ms. Batiste's benefits, but said termination had been neither arbitrary nor capricious. This ruling does not appear in the written judgment.