STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1186

CINDY COLWELL

VERSUS

THE SUMMIT RETIREMENT CENTER

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 11-04734
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

AFFIRMED.

George A. Flournoy
Flournoy & Doggett (APLC)
P.O. Box 1270
Alexandria, LA  71309
(318) 487-9858
COUNSEL FOR PLAINTIFF-APPELLEE:
    Cindy Colwell

Lawrence B. Frieman
Janna C. Bergeron
Juge, Napolitano, Guilbeau, Ruli & Frieman
330 North New Hampshire Street
Covington, LA  70433
(337) 831-7270
COUNSEL FOR DEFENDANT-APPELLANT:
    The Summit Retirement Center

**PAINTER, Judge.**

The Summit Retirement Center (Summit) appeals the ruling of the Workers' Compensation Judge (WCJ) finding in favor of Cindy Colwell (Colwell) and awarding temporary total disability (TTD) benefits, medical expenses, travel expenses, $8,000.00 in penalties, and $10,000.00 in attorney fees. We affirm and award Colwell an additional $3,500.00 in attorney fees for work done in connection with this appeal.

## FACTS AND PROCEDURAL HISTORY

Colwell, a registered nurse, was employed by Summit. At approximately 4:00 p.m. on Friday, February 11, 2011, Colwell was assisting another nurse in transferring a patient from a wheelchair to a bed. Colwell alleged that the transfer was difficult because the patient was heavyset and that this was the only strenuous activity that she had to perform at work that day. Colwell left work at 5:00 p.m., drove home, and then later met her daughter and granddaughter for dinner. At dinner, Colwell began to feel burning and tingling in her neck. Over the weekend, the pain significantly worsened, and, on Sunday, she reported the transfer incident to her supervisor and told her supervisor that she was going to the emergency room. Colwell's mother took her to the emergency room. She attempted to return to work on February 21 and 22, 2011, but was unable to do so. Her primary care physician, Dr. Bruce Barton, took Colwell off work and referred her to a neurosurgeon, Dr. Gregory Dowd (Dr. Dowd). An MRI showed a C5-6 disc protrusion. Dr. Dowd related this to the transfer incident of February 11, 2011. Colwell began conservative treatment and returned to work on light duty on April 4, 2011. Summit terminated Colwell's employment on June 20, 2011, but did pay (and is continuing to pay) indemnity benefits.

Colwell began treating with Dr. Clark Gunderson (Dr. Gunderson), an orthopedist, on July 5, 2011. She underwent an anterior cervical fusion performed by Dr. Gunderson on November 21, 2011. Summit paid for the surgery. At present, she is still treating with Dr. Gunderson and has not been released to return to work because, in addition to her neck problems, she is suffering from carpal tunnel syndrome and depression.

Colwell filed a disputed claim for compensation seeking payment of medical expenses, travel expenses, and penalties and attorney fees. Following trial, the WCJ found that Colwell had met her burden of proving that she suffered a work-related accident on February 11, 2011, and was entitled to TTD benefits; that Colwell had met her burden of proving that her carpal tunnel syndrome was work-related and that Summit was responsible for medical treatment associated therewith; that Summit was responsible for payment of the costs of treatment for depression and associated medications; and that Summit was responsible for travel expenses. The WCJ further awarded Colwell $8,000.00 in penalties for Summit's failure to pay for anti-depressant medication, failure to pay hotel and meal expenses, failure to pay mileage expenses, failure to pay medication costs, and failure to pay for a rib x-ray. Colwell was also awarded $10,000.00 in attorney fees. Summit filed this appeal, and Colwell answered the appeal seeking an increased award of attorney fees for work necessitated by this appeal. For the following reasons, we affirm the ruling of the WCJ in its entirety and award an additional $3,500.00 in attorney fees for work done in connection with this appeal.

## DISCUSSION

In *Stogner v. Smith & Smith, LLC*, 11-413, p. 4 (La.App. 1 Cir. 11/9/11), 80 So.3d 47, 50 (citations omitted), the first circuit succinctly stated that: "The

employee in a workers' compensation action must prove by a preponderance of the evidence that a work-related event occurred and that an injury was sustained."

> Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. *Allman v. Washington Parish Police Jury*, 2004-0600, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 86. Factual findings in a workers' compensation case are subject to the manifest error-clearly wrong standard of review. *McCray v. Delta Industries, Inc.*, 2000-1694, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Thus, "[i]f the [fact finder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. *Bolton v. B E & K Const.*, 2001-0486, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 35.

> The finding of disability within the framework of the workers' compensation law is a legal rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately, the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. *Severio v. J.E. Merit Constructors, Inc.*, 2002-0359, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 465, 469.

*Batiste v. Tenet Healthcare Corp.*, 09-1192, pp. 3-5 (La.App. 1 Cir. 2/12/10), 35 So.3d 352, 354-55, *writ denied*, 10-559 (La. 5/7/10), 34 So.3d 864.

Summit first argues that the WCJ committed manifest error in finding that an "accident" as defined by La.R.S. 23:1021 occurred. In that statute, the term "accident" is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1). However, the jurisprudence is clear that "when the performance of the

usual and customary duties of a workman cause or contribute to a physical breakdown the statutory requirements for an accidental injury are present" and that "[t]he accident need not produce instantaneous objective symptoms of injury." *Brasseaux v. Argonaut Ins. Co.*, (La.App. 3 Cir. 1983), 432 So.2d 1153, 1155 (citations omitted). Summit contends that Colwell admitted that she did not experience any pain, discomfort, or any sign of injury at the time the transfer was performed. After a thorough review of the record, we agree with the WCJ that there is no evidence that prior to February 11, 2011, Colwell had any type of problem performing her job functions and that she met her burden of proving the occurrence of a work-related accident.

Summit also argues that the WCJ committed manifest error in finding that Colwell's neck complaints and carpal tunnel syndrome were causally related to her alleged accident. We agree with the WCJ's finding that Colwell was entitled to the presumption of causation because there was no evidence that she manifested any disabling symptoms before February 11, 2011. Furthermore, the evidence and testimony indicated that all symptoms commenced within hours of the accident and manifested themselves thereafter. The medical testimony also evidenced a reasonable possibility of causal connection between the accident and onset of the disabling symptoms, both in Colwell's neck and hands. *Carmena v. St. Anthony's Home*, 11-1181 (La.App. 1 Cir. 5/2/12), 92 So.3d 539. Thus, there is no merit to this assignment of error.

Summit further argues that the WCJ erred in ordering it to pay for anti-depressant medications. The WCJ noted that there was no evidence or testimony to contradict that presented by Colwell as to her depression. Therefore, we find no error in the WCJ's ruling that Summit was responsible for the payment of anti-

4

depressant medications or in the award of a penalty for failure to timely authorize payment for depression medications.

Next, Summit alleges manifest error in the WCJ's order that it pay and reimburse travel expenses and mileage costs. Having already found that the WCJ was correct in finding that Colwell proved a work-related accident and that her injuries were causally related thereto, we find no error in the WCJ's ordering Summit to pay for medically necessitated travel expenses and mileage pursuant to La.R.S. 23:1203.

Summit also argues that the WCJ erred in ordering it to pay for prescription medication costs where Colwell did not prove that the bills were reasonable, necessary, and related to the work accident. Colwell introduced numerous bills for prescription medications as well as records of payments by Summit. Based on this evidence, the WCJ ordered Summit to pay the following medical expenses that it found to be outstanding: (1) $1,085.53 to Professional Pharmacy for outstanding medication expenses; (2) $3.64 to Walgreens; (3) $200.09 to Walgreens and CVS; and (4) $417.94 to Walgreens and CVS. Again, having already found that the WCJ was correct in finding that Colwell proved a work-related accident and that her injuries were causally related thereto, we find no manifest error in the WCJ's ordering Summit to pay the outstanding medical expenses it found to be reasonable, necessary, and related to the accident at issue herein.

Summit alleges manifest error in the WCJ's award of $8,000.00 in penalties for failure to pay for anti-depressant medication, failure to pay hotel and meal expenses, failure to pay mileage expenses, failure to pay medication costs, and failure to pay for a rib x-ray. The failure to pay benefits will result in the imposition of penalties "unless the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no

5

control." La.R.S. 23:1201(F)(2). We find no error in the award of penalties because Summit offered no evidence of any reasonable justification for its denial of the benefits for which penalties were imposed.

Finally, Summit argues that the WCJ improperly ruled on the issue of the nature and extent of Colwell's disability because that issue was not in dispute. We find no merit to this assignment of error because the nature and extent of Colwell's disability was listed in her initial filing of a disputed claim for compensation.

Colwell is entitled to an increase in attorney fees as requested in her answer to appeal for additional time incurred in defending Summit's unsuccessful appeal. *Frith v. Riverwood Inc.*, 04-1086 (La. 1/19/05), 892 So.2d 7. We find an additional attorney fee of $3,500.00 is warranted given the issues in this case and the amount of work necessitated by the appeal.

## DECREE

For all of the foregoing reasons, we affirm the judgment of the WCJ. Additionally, we award $3,500.00 in attorney fees to Plaintiff-Appellee, Cindy Colwell, for work done on this appeal. All costs of this appeal are assessed to Defendant-Appellant, The Summit Retirement Center.

**AFFIRMED.**